No. 47,063

JOHN W. EBERT, EARLENE EBERT, HAROLD F. WILEY, RUBY WILEY, RAYMOND TAYLOR, CORRINE TAYLOR, HOWARD S. BEAMAN and MARJORIE BEAMAN, *Appellants*, v. GLEN MUSSETT and LINDA MUSSETT; ALFRED K. MUSSETT, BESSIE MUSSETT, *Appellees*.

(519 P. 2d 687)

Opinion filed March 2, 1974.

*Tom Boone*, of Leavenworth, argued the cause and was on the brief for the appellants.

*Robert E. Davis*, of Leavenworth, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

OWSLEY, J.: Plaintiffs seek a mandatory injunction restraining defendants from completing and occupying a building and ordering them to remove the building from certain lots in Petherbridge Subdivision in Leavenworth County, Kansas, claiming violation of restrictive covenants. The trial court sustained defendants' motion for summary judgment and plaintiffs appeal.

Plaintiffs allege in their petition they are the owners of certain lots in said subdivision; that all the lots in said subdivision are subject to specific covenants and restrictions; and that said restrictions provide as lot owners they may prosecute any attempt to violate said restrictions by proceedings in law or equity. The petition further alleges:

"6. The restrictions provide that no structure shall be moved on to any lot in said subdivision unless it meets with the approval of the owners or the

survivors or survivor, and any dwelling erected wholly or partially on any of the lots or part or parts thereof shall cost not less than $5,000.00.

"7. Said defendants have caused to be moved a residence on said lots within the past few months which up to this time has not been entirely completed; that said buildings have to be moved and constructed in such a manner that same violates certain covenants and restrictions in paragraphs 8 and 10 of said restrictions."

Paragraphs 8 and 10 of the restrictions read:

"VIII. USE OF LAND

.    .    .    .    .    .    .    .    .    .    .    .    .    .

"No structure shall be moved onto any lot in said subdivision unless it meets with the approval of the OWNERS or the survivors or survivor, and no residence of a temporary character shall be permitted on any lot."

"X. COST AND SIZE OF DWELLING

"Any dwelling erected wholly or partially on any of the lots or part or parts thereof, as shown on the recorded plat, shall cost not less than the amount listed below;

"FIVE THOUSAND DOLLARS

"The above cost refers to the cost of dwelling structure only, including any garage which is an integral part of the house."

After answering plaintiffs' petition, defendants filed a motion for summary judgment, stating they had obtained the approval of the "OWNERS" as required by paragraph 8 of the restrictive covenants and that the structure placed on the property exceeded the value of $5,000.00 as required by paragraph 10 of said restrictive covenants. Attached to defendants' motion was the affidavit of Edna Petherbridge which stated in part:

"4. That said permission was granted by affiant's husband, John E. Petherbridge, and your affiant for approval to move a structure onto Lots Seventeen (17) and Eighteen (18), Block Two (2), Petherbridge Subdivision, City of Basehor, Leavenworth County, Kansas. Your affiant states that he personally discussed this matter on the phone with A. K. Mussett and thereafter, confirmed permission in writing by return letter original letter dated from A. K. Mussett January 25th, 1970.

"5. Your affiant, at the present time, has a copy of said letter and permission that she signed and affiant states that the letter attached to this affidavit is the letter that she personally signed. Affiant further states that she is personally acquainted with John E. Petherbridge but that John E. Petherbridge, affiant's husband, is now deceased. That prior to his demise, he specifically approved as one of the owners in the dedication of Petherbridge Subdivision, Block Two (2), City of Basehor, Leavenworth County, Kansas, A. K. Mussett moving a structure onto Lots Seventeen (17) and Eighteen (18), in Petherbridge Subdivision, Block Two (2).

"6. Affiant further states that John E. Petherbridge, later confirmed said verbal authorization in writing and that your affiant witnessed the said John E. Petherbridge sign the attached approval to move a house on Lots Seventeen

(17) and Eighteen (18), Petherbridge Subdivision, Block Two (2); that the signature appearing thereon is the signature of affiant's husband, John E. Petherbridge, and that she personally witnessed John E. Petherbridge signing the same."

An affidavit of defendant A. K. Mussett was filed, which disclosed Edna Petherbridge was the sole survivor of the original owners, John E. Petherbridge, Mary B. Petherbridge, Ripley Petherbridge and Edna Petherbridge. Also attached to the motion was the affidavit of defendants Glen and Linda Mussett, that the cost of the structure was $10,163.87. Plaintiffs filed several affidavits in opposition to defendants' motion for summary judgment, but examination of plaintiffs' affidavits fails to reveal any statement of fact which is contrary to facts disclosed by the affidavits filed by defendants.

At this point in the proceedings the court granted defendants' motion for summary judgment and in its memorandum decision stated:

"From a full and careful consideration of the pleadings, answers to interrogatories, admissions on file, and the affidavits filed by the parties, it is the conclusion of this Court that there is no genuine issue as to any material fact and that the defendants are entitled to a judgment as a matter of law. It is the further conclusion of this Court that the defendants have complied with the provisions of paragraphs eight and ten of the restrictions of Petherbridge Subdivision, Block Two, Leavenworth County, Kansas.

"In regard to the restrictions in question, it is the conclusion of this Court that said restrictions (as contended by the plaintiffs) run with the land and are binding on all purchasers. However, paragraph one of the restrictions clearly specifies that the members of the Petherbridge family will be referred to in said documents as the OWNERS (in capital letters). It has been established by affidavit that Edna Petherbridge is the survivor of the OWNERS and that she gave her approval as required by the provisions of paragraph eight of the restrictions. Also it has been established by affidavit that the value of the structure in question is in excess of five thousand dollars as required by the provisions of paragraph ten of the restrictions."

On appeal, plaintiffs contend the motion should not have been granted because genuine issues of material fact exist and the trial court permitted trial by affidavit. K. S. A. 60-256 provides:

"(a) For claimant. A party seeking to recover upon a claim, counter claim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of twenty (20) days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavit for a summary judgment in his favor as to all or any part thereof.

. . . . . . . . . . . . . .

"(e) Form of affidavits; further testimony. Supporting and opposing affi-

davits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits.

"(f) *When affidavits are unavailable.* Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

Generally, summary judgment may be granted when the record before the court shows conclusively there remains no genuine issue as to a material fact and the moving party is entitled to judgment as a matter of law. A mere surmise or belief on the part of the trial court that a party cannot prevail upon a trial will not warrant summary judgment if there remains a dispute as to a material fact. A material fact is one on which the controversy may be determined. The manifest purpose of a summary judgment is to avoid trial where there is no real issue of fact. In considering a motion for summary judgment, the court should not attempt to determine factual issues, but should search the record to determine whether factual issues do exist. Where there is a reasonable possibility of their existence, summary judgment will not lie. The court should give to the party against whom summary judgment is sought the benefit of all inferences that may be drawn from the facts under consideration. (*Lawrence v. Deemy,* 204 Kan. 299, 461 P. 2d 770.)

There were only two issues of fact in this case. First, did defendants violate paragraph 8 of the restrictions relative to obtaining permission from the owners to move a structure onto the lots. Second, did defendants violate paragraph 10 of the restrictions relative to prohibiting erection of a dwelling costing less than $5,000.00. The only evidence before the court was unopposed affidavits which disclosed defendants had not violated the restrictions and in fact had complied with them. No depositions or admissions were filed in this action and the interrogatories on file did not disclose any material facts related to the issues before the court.

The issue on appeal is based on the determination of the duties of a party against whom an affidavit supported motion for summary judgment is filed. K. S. A. 60-256 provides the non-moving party may file affidavits in opposition to the affidavits of the moving party;

or the non-moving party may request time to obtain opposition affidavits or to make additional discovery. The statute also provides the non-moving party may file an affidavit that he cannot, for reasons stated, obtain and present by affidavit facts essential to justify his opposition. The plaintiffs in this case failed to utilize any of these alternatives. They did not file affidavits in opposition to the material facts disclosed by defendants' affidavits. The plaintiffs did not request additional time to obtain affidavits or to permit further discovery, nor did plaintiffs file an affidavit setting forth reasons why they could not obtain or present by affidavit facts essential to justify their opposition. The facts disclosed by defendants' affidavits were challenged only by the allegations of plaintiffs' petition.

The federal equivalent to K. S. A. 60-256 is Rule 56 of the Federal Rules of Civil Procedure. An amendment to Rule 56 in 1963 eliminated the right of a non-moving party to rely upon allegations of a pleading to oppose facts stated by affidavit in support of a motion for summary judgment. Although this provision is not contained in our code we have firmly established the rule by case law. (*Brick v. City of Wichita*, 195 Kan. 206, 210, 403 P. 2d 964; *Meyer, Executor v. Benelli*, 197 Kan. 98, 100, 415 P. 2d 415.) The rule is intended to permit a party to pierce the allegations of fact in an opponent's pleadings. If a party were not permitted to go beyond the allegations of fact in an opponent's pleadings there would be no point to the summary judgment procedure, for it would merely duplicate the old common-law demurrer or motion for judgment on the pleadings. No matter what the true facts might be or how readily proved, absent a duty on non-moving party to respond to supporting affidavits, the moving party would be forced to incur the expense and delay of a trial if the non-moving party's pleadings were legally sufficient. It is our conclusion that allegations in pleadings will not sustain a genuine issue of fact when opposed by uncontradicted affidavits supporting a motion for summary judgment.

We agree with the trial court that there is no genuine issue of material fact and defendants are entitled to judgment as a matter of law.

Judgment is affirmed.