No. 47,727

IVAN BAMMES, *Appellant*, v. GROVER C. DEER, ROBERT SQUIBB, MAX SIMONSEN, BILL VAN RUTH, BETTY SIMONSEN and THE CITY OF DERBY, KANSAS, *Appellees.*

(535 P. 2d 939)

Opinion filed May 10, 1975.

*Ray Hodge,* of Hodge, Wood and Wilson, of Wichita, was on the brief for the appellant.

*Arnold M. Mize,* of Derby, was on the brief for appellees Grover C. Deer and Robert Squibb.

*Jerry L. Griffith,* of Derby, was on the brief for appellees Max Simonsen, Betty Simonsen and Bill Van Ruth.

*Per Curiam*: Plaintiff-appellant, a resident of Derby, Kansas, brings this action for damages against defendants, claiming they conspired to and did interfere with his plumbing business.

Plaintiff answered interrogatories and gave his deposition wherein he claimed the defendants, four of whom were city officials of Derby, refused to give him the standard master plumber's test; harassed his customers, employees and suppliers; and caused him to be falsely arrested on three occasions. Defendants moved for summary judgment contending no genuine issues of material fact existed. Defendants' motion was sustained.

In *Ebert v. Mussett,* 214 Kan. 62, 519 P. 2d 687, the rule governing the propriety of summary judgments was stated as follows:

". . . In considering a motion for summary judgment, the court should not attempt to determine factual issues, but should search the record to determine whether factual issues do exist. Where there is a reasonable possibility of their existence, summary judgment will not lie. The court should give to the party against whom summary judgment is sought the benefit of all inferences that may be drawn from the facts under consideration. (*Lawrence v. Deemy,* 204 Kan. 299, 461 P. 2d 770.)" (p. 65.)

Applying the above stated rule to the instant facts, we conclude there is a reasonable possibility that factual issues did exist and the motion for summary judgment should have been denied.

The judgment is reversed and the cause is remanded for further proceedings.

FROMME, J., not participating.