No. 48,172

JOHN H. SCHIERENBERG, JR., *Appellant*, v. ORAL HODGES AND THE
FIRST NATIONAL BANK OF OSWEGO, KANSAS, *Appellees*.

(558 P. 2d 133)

Opinion filed December 11, 1976.

*John D. Sherwood*, of Gray and Sherwood, P. A., of Oswego, argued the
cause and was on the brief for the appellant.

*John B. Markham*, of Parsons, argued the cause and was on the brief for
the appellee, Oral Hodges.

*Per Curiam:* John H. Schierenberg, Jr., appeals from an order
entering summary judgment for the defendants, Oral Hodges and
The First National Bank of Oswego, Kansas, in an action to re-
cover money which plaintiff claims was fraudulently withdrawn
from one "joint savings account" and deposited in another. For
the most part the facts are not disputed.

John H. Schierenberg, Jr., and Alene Schierenberg were husband
and wife. They were separated and lived apart during the last
ten years of Alene's life. On January 16, 1970, and during the
separation, John and Alene opened a "joint savings account," No.
3499, in the First National Bank of Oswego. The signature card
was headed "Mr. or Mrs. John H. Schierenberg, Jr." It was signed
only by John. On December 15, 1971, Alene opened another "joint
savings account," No. 3819, in the same bank. The signature card
was headed "Alene Schierenberg or Oral Hodges." It was signed
only by Alene. Oral Hodges was a brother of Alene Schierenberg.

Alene filed suit for divorce from John on June 19, 1974. On
August 14 she withdrew $1000 from account No. 3499 and de-
posited that amount in account No. 3819. On August 30, Alene
died. The balances in the accounts were then approximately
equal, about $5000 in each.

John filed this action against Hodges and the bank on October
21. He alleged that both savings accounts were "joint"; that Alene
withdrew money from account No. 3499 and deposited it in ac-
count No. 3819; and that such action was wrongful, unlawful, and
fraudulent. He secured a temporary order restraining the bank
from paying any of the moneys in account No. 3819 to Hodges.

The bank is, in effect, a stake holder; it has taken no active part in this lawsuit.

Hodges answered, admitting that the accounts were "joint," and that Alene withdrew some money from account No. 3499 and deposited it in account No. 3819. He alleged that she had the lawful right to do so, and he claimed that Alene was employed during the ten-year period and that she deposited some of her earnings in account No. 3819. He denied that any of her actions were wrongful, unlawful, or fraudulent. Hodges next moved for summary judgment, claiming that there were no issues of material fact, and that the pleadings and bank records commanded judgment in his favor. At the hearing on this motion he called a bank officer, who identified the signature cards, deposit and withdrawal slips, and other bank records pertaining to the accounts. Plaintiff offered no opposing evidence, but made an oral motion for leave to amend his petition. The court took both motions under advisement.

Several weeks later, and before the court decided the motion, plaintiff filed a written motion seeking leave to file an amended petition, which was attached. The first cause of action of the proposed amended petition alleges that account No. 3819 was the sole and separate property of Alene, and that upon her death the account passed to John as Alene's sole heir. The second cause of action alleges that both accounts were "savings accounts," and that Alene wrongfully, unlawfully, and fraudulently withdrew funds from account No. 3499 and deposited them in account No. 3819. Plaintiff seeks to have the court declare account No. 3819 the sole property of Alene at the time of her death, determine plaintiff to be Alene's sole heir, award to him the funds remaining in the account, quiet his title to the account and bar Hodges therefrom. In the alternative, he prays for judgment against Hodges for the amount of money remaining in the account.

The trial court found that both accounts were "joint" accounts; that Alene had the right to withdraw funds from account No. 3499; that the funds she withdrew from it were her funds; that the funds remaining in account No. 3819 are the property of the survivor, Oral Hodges; and that on the undisputed facts Hodges is entitled to judgment. The court overruled plaintiff's motion to amend and sustained defendant's motion for summary judgment.

The first issue is whether the allegations of fraud in the original petition, and defendant's denial thereof, sufficiently raised a ma-

terial question of fact precluding summary judgment. Defendant points out under K. S. A. 60-209 (*b*) it is required that in all averments of fraud, the circumstances constituting fraud shall be stated in particularity. *Sade v. Hemstrom,* 205 Kan. 514, 471 P. 2d 340. However, in *Dawson v. Dawson,* 212 Kan. 711, 512 P. 2d 522, this court had before it on appeal from an order granting summary judgment, pleadings not dissimilar from those encountered in the case at bar. These pleadings were held sufficient to allege fraud, and the trial court's summary judgment was held to be premature and improvidently granted. We make the same ruling here.

It is well established in this jurisdiction that, absent fraud, one spouse may make an *inter vivos* transfer of his or her own personal property to another person outright or to himself and another person in joint tenancy without contravening the statutory rights of a surviving spouse under K. S. A. 59-602. *Malone v. Sullivan,* 136 Kan. 193, 14 P. 2d 647; *In re Estate of Fast,* 169 Kan. 238, 218 P. 2d 184; *Eastman, Administrator v. Mendrick,* 218 Kan. 78, 542 P. 2d 347. The plaintiff's deceased spouse may well have lawfully transferred the funds in question; the funds may have come from her earnings, or they may have been accumulated solely by the plaintiff. Such questions have not been litigated or determined. We conclude that the court should not have sustained the motion for summary judgment.

We next consider whether the court abused its discretion in denying plaintiff leave to file an amended petition. The case was not an old one on the court's docket but came before the court on the motion for summary judgment with reasonable dispatch. Plaintiff contended that he did not examine the bank records until they were introduced in evidence at the hearing on the motion for summary judgment. K. S. A. (now 1975 Supp.) 60-215 (*a*) provides in applicable part that after a responsive pleading is served, "a party may amend his pleading only by leave of court . . . [which] shall be freely given when justice so requires." We conclude that under the circumstances disclosed by this record, the amendment should have been permitted.

For the reasons stated above, the judgment is reversed.