No. 48,589

JOHN P. MILLER d/b/a WHOLESALE PRODUCE CO., *Appellant,* v.
SIRLOIN STOCKADE, *Appellee.*

(578 P.2d 247)

Opinion filed May 6, 1978.

*Philip R. Herzig,* of Salina, argued the cause and was on the brief for the appellant.

*Jack N. Stewart,* of Hampton, Royce, Engleman & Nelson, of Salina, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

MILLER, J.: The plaintiff, John P. Miller, commenced this action against defendant, Sirloin Stockade, Inc., seeking damages for breach of an alleged oral contract whereby the plaintiff agreed to sell and the defendant agreed to buy all of the potatoes and other produce required by defendant's seven restaurants in Kansas and Nebraska during the calendar year 1974. Plaintiff appeals from summary judgment entered by the trial court, which ruled that no enforceable contract was entered into because the quantities of the potatoes and other produce were not specified, and for the further reason that the defendant did not admit in its pleadings, testimony, or otherwise in court, that a contract of sale was made.

The issues on appeal are: (1) Is a "requirements contract" valid in Kansas? (2) Did Sirloin Stockade admit in its pleadings, testimony, or otherwise in court, that a contract for sale was made? (3) Did the trial court err in entering summary judgment when there were material facts in dispute?

The plaintiff also listed as a point on appeal a contention that the trial court erred in overruling his motion for a new trial, made

on the basis of newly discovered evidence; however, this point was not briefed and was not argued on appeal. Points specified but neither briefed nor argued are deemed abandoned. *State, ex rel., v. Unified School District,* 218 Kan. 47, 52, 542 P.2d 664 (1975).

Miller is a wholesale produce dealer in Salina, Kansas. He supplied produce to a Sirloin Stockade restaurant located there. Early in January, 1974, he met with the defendant's district manager, Tom Layne, and the local restaurant manager, Robert Danskin. The depositions of the plaintiff, Layne, and Danskin disclose that an oral agreement was made between Layne and Miller, whereby Miller would supply all of the baking potatoes and all other produce required by each of the seven outlets in Layne's district during the year 1974. The price of potatoes was fixed at $6.75 per hundred; the price of the rest of the produce was to be "competitive." Miller commenced servicing the seven stores. He ordered two carloads of potatoes in order to have an ample supply. Approximately sixty days later, all of the restaurants except the one at Salina ceased placing orders with Miller. He was paid for all potatoes and all other produce he had delivered. Miller was left with a huge inventory of potatoes, and he sustained a sizable loss.

We turn first to the question of the validity of a "requirements contract." K.S.A. 84-2-306 provides:

"(1) A term which measures the quantity by the output of the seller or the requirements of the buyer means such actual output or requirements as may occur in good faith, except that no quantity unreasonably disproportionate to any stated estimate or in the absence of a stated estimate to any normal or otherwise comparable prior output or requirements may be tendered or demanded.

The Kansas comment to this section states:

"Subsection (1) is concerned with the ambiguities of contracts which set quantity in terms of the seller's output or buyer's requirements rather than a definite amount. The section rejects the construction of some cases that such terms render the agreement unenforceable for reason of indefiniteness or lack of mutuality of obligation. The section fixes some boundaries for variance in the performances of the parties by requiring that the tender of output or demand for requirements be made in good faith, and that the quantity not be unreasonably disproportionate to stated estimates or previous experience."

Even before the advent of the Uniform Commercial Code, we recognized the validity of requirements contracts. *Southwest Kan. Oil & G. Co. v. Argus P. L. Co.,* 141 Kan. 287, 39 P.2d 906 (1935);

*City of Holton v. Kansas Power & Light Co.,* 135 Kan. 58, 9 P.2d 675 (1932).

In the case at bar, the alleged contract was for all of the baking potatoes and other produce needed and required by the defendant's seven restaurants, during the period of a year. We hold that the contract was definite enough in quantity, under the U.C.C., and was not unenforceable by reason of indefiniteness.

The primary issue before us is whether the defendant has admitted in its "pleading, testimony or otherwise in court that a contract for sale was made." K.S.A. 84-2-201 provides:

"(1) Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. . . .

. . . . . . . . . . . . . . . .

"(3) A contract which does not satisfy the requirements of subsection (1) but which is valid in other respects is enforceable

. . . . . . . . . . . . . . . .

"(b) if the party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract for sale was made . . . ."

Defendant, in its *pleading,* does not admit the existence of a contract. Plaintiff contends, however, that the testimony of both Layne and Danskin, in their depositions, constitutes an admission on behalf of Sirloin Stockade that an oral contract was entered into. Neither Layne nor Danskin, however, were officers, agents or employees of Sirloin Stockade at the time their depositions were taken. Plaintiff does not cite any authority which supports the proposition that a former employee may make a binding admission, in court, on behalf of a former employer, and we find no such authority. K.S.A. 60-236, a part of our rules of civil procedure, sets forth the procedure whereby one party may request admissions of another; no such procedure was followed here. K.S.A. 60-460(*g*), (*h*), and (*i*) are indicative of who may make admissions: parties themselves, their representatives, agents authorized by the party before the termination of such relationship, and the like. Layne and Danskin were no longer employed by Sirloin Stockade when their depositions were taken. There is no showing that they were authorized to make any binding admissions or statements on behalf of the defendant at that time.

There is no suggestion by the plaintiff that the defendant has

admitted the making of the contract other than through the testimony of Layne and Danskin. An admission, to be binding in court upon a party, must be made by the party or by an authorized agent. A former employee of a corporation cannot, without authorization, bind the corporation by "admissions" made during the taking of the former employee's deposition. We conclude that Layne and Danskin's testimony does not constitute an admission within the framework of K.S.A. 84-2-201(3)(*b*), or within the rules of civil procedure or the rules of evidence.

Finally, we turn to the plaintiff's claim that there were material facts in dispute at the time the court entered summary judgment. On the concluding page of his brief, the plaintiff alleges that material facts remained in dispute, and that he had not concluded his discovery when summary judgment was entered. He does not point out what facts were in dispute, and we conclude that the only issue was whether an oral contract for sale of produce was made. Defendant denied the making of the contract, for whatever reason we need not speculate, and moved for summary judgment. The court considered the pleadings and depositions at the time it ruled on the motion.

The plaintiff offered no affidavits in opposition to the motion for summary judgment, and he did not seek additional time to furnish affidavits or to take additional depositions. There was no showing before the trial court that discovery was not complete, or that plaintiff had additional evidence which he was then unable to furnish.

K.S.A. 60-256(*e*) and (*f*) provide as follows:

"(*e*) Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits.

"(*f*) Should it appear from the affidavits of a party opposing the motion that he or she cannot for reasons stated present by affidavit facts essential to justify his or her opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

The federal rule was amended in 1963 by the addition of the following two sentences to federal rule 56 (e):

". . . When a motion for summary judgment is made and supported as

provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Rule 56 (e), F.R. Civ. P.

Judge Gard, in his Kansas Code of Civil Procedure (1977 Supp.), in commenting on K.S.A. 60-256, says:

"Although the procedure has seemed to be plain under the Kansas rule with respect to the use of affidavits to support a motion for summary judgment, particularly in the light of the federal precedents, any lingering doubts have now been resolved by the decision in Ebert v. Mussett, 214 K 62, 519 P2d 687. Though the Kansas rule does not contain the express provision of Federal Rule 56 (1963 amendment) prohibiting a non-moving party from relying upon allegations of his pleadings to oppose facts stated by affidavit in support of a motion for summary judgment, the same prohibition exists in Kansas by reason of the implications of this section and the case law which has construed it. As the court says in Ebert v. Mussett, supra, the rule is intended to enable a party to pierce the allegations of fact in his adversary's pleadings and to avoid a trial on fact issues which are paper issues only. Consequently, the rule is now spelled out to the effect that *there is an affirmative duty upon the non-moving party to respond with counter affidavits or take advantage of the alternatives offered to him, which are to ask leave to make additional discovery or to show good cause why he cannot obtain and present by affidavits facts essential to justify his position.* He may, of course, ask for additional time for procuring such counter-affidavits. Failing in these opportunities a motion for summary judgment showing by affidavits (or other discovery records, for that matter) that there is no factual dispute and that the moving party is entitled to judgment as a matter of law, the motion should be granted and judgment entered accordingly." (Emphasis supplied.) (p. 98.)

The plaintiff in the action before us made no written response to the motion for summary judgment; he filed no affidavits, he sought to take no additional depositions, he requested no additional discovery. Upon the record before the trial court, and before us, it is clear that the defendant, the party against whom enforcement of the oral contract is sought, does not admit in its pleadings, in any testimony on its behalf, or otherwise in court, that an oral contract was made. Plaintiff has *evidence* of the contract; but under K.S.A. 84-2-201, that is not enough. He must have an *admission* from the defendant, and none appears.

Once the motion for summary judgment was filed, the plaintiff could not bide his time and wait for trial to see if some officer or authorized employee of the defendant would then admit that an oral contract for sale was made; plaintiff was obligated, pursuant to K.S.A. 60-256, to respond, and to present to the court, by

affidavit, deposition, or otherwise, evidence of such an admission; no response was made. Accordingly, we hold that upon the record there was no genuine issue of fact. The district court properly sustained the motion for summary judgment.

The judgment is affirmed.