(610 P.2d 116)

No. 50,807

UNITED KANSAS BANK & TRUST COMPANY, a/k/a Santa Fe Trail State Bank, *Appellant,* v. RICHARD D. RIXNER, DANIEL S. FRACKOWIAK, and F. J. KELLY, *Appellees.*

Petition for review granted July 15, 1980.

Opinion filed April 25, 1980.

*Robert A. Andrews,* of Couch, Covell, Dickerson & Strausbaugh, of Mission, for appellant.

*Kris L. Arnold,* of Roeland Park, for appellee Frackowiak.

*Terence R. McMahon,* of Kansas City, for appellee Rixner.

Before FOTH, C.J., ABBOTT and MEYER, JJ.

MEYER, J.: This suit to recover on a promissory note was

brought by the Santa Fe Trail State Bank (appellant) against the appellees Richard D. Rixner (Rixner) and Daniel D. Frackowiak (Frackowiak).

Appellees executed a promissory note in the amount of $5,039.76 to Superior Trailer Sales Co., assignor of appellant. The note evidenced a loan of $4,500.00 with a finance charge of $539.76, payable in twelve monthly installments of $419.98 each. This resulted in an annual percentage rate of 21.45%.

Rixner and Frackowiak defaulted and appellant sued on the note. The agreement executed in conjunction with the note contained a form clause which stated that the loan was subject to the Uniform Consumer Credit Code (UCCC). Frackowiak filed a counterclaim alleging violations of the UCCC, specifically charging an interest rate over the maximum limit and making a "supervised loan" when the lender was not qualified as a "supervised lender." Frackowiak filed a motion for summary judgment in which defendant Rixner joined. Summary judgment was granted in favor of Frackowiak and Rixner. The judgment voided the agreement and awarded attorney fees to Frackowiak's attorney. The court, however, declined to impose any penalty or to award a refund of payments made, and also declined to award attorney fees to Rixner's attorney.

After the trial court granted summary judgment, appellant's attorney filed a motion for leave to amend its pleadings and for reconsideration of the motion for summary judgment. The trial court denied appellant's motion to amend. Appellant appeals from the trial court's denial of the motion to amend and from the granting of the motion for summary judgment, and further alleges the award for attorney fees to Frackowiak's attorney was excessive. Frackowiak has cross-appealed from the trial court's refusal to impose a penalty or to refund payment for violation of the UCCC. Rixner cross-appeals from the refusal to award attorney fees for his attorney.

Appellant first complains that the trial court erred in denying its motion to amend the pleadings made after the motion for summary judgment had been granted.

Appellant filed suit December 5, 1977. Frackowiak, in January, 1978, counterclaimed asserting the UCCC defenses of interest rates which were above the maximum allowed by the UCCC and the failure to make truth in lending disclosures. Appellant answered with a general denial. Frackowiak's second amended

counterclaim asserted the UCCC violation of making a "supervised loan" when the lender was not a "supervised lender," which counterclaim was filed April 28, 1978. On June 5, 1978, appellant answered and as a defense alleged waiver and estoppel. Frackowiak's motion for summary judgment, later joined in by Rixner, was filed July 10, 1978. The appellant responded to the motion for summary judgment alleging mutual mistake and novation which response it filed on August 7, 1978; however, it did not move to amend its pleadings to comply with its assertions at that time. On August 21, 1978, Frackowiak replied to appellant's response and asserted that the pleadings had not been amended and that mistake and novation must be specifically pleaded. On October 27, 1978, the court inquired of counsel if they desired further argument or further briefs, and counsel agreed that the motion was finally submitted for determination by the court without oral argument. Thereupon, on November 30, 1978, the court granted summary judgment for both Frackowiak and Rixner.

Appellant moved the court for rehearing on the motion for summary judgment and the court allowed plaintiff to prepare its motion to amend pleadings and a motion for reconsideration. On December 21, 1978, the court ruled that appellant's motion to amend its pleadings was untimely and could not properly be considered. The court ruled that the defenses first raised in appellant's reply brief were not timely pleaded pursuant to K.S.A. 60-208 and 60-209.

K.S.A. 60-215(a) provides that when a party does not file an amendment within the prescribed time for amendment as a matter of right, he may amend his pleadings only by leave of court or by written consent of the adverse party. The statute contains the language, "leave shall be freely given when justice so requires."

Failure to allow a party to amend his pleadings was found to be error in *Schierenberg v. Hodges*, 221 Kan. 64, 66, 558 P.2d 133 (1976), and in *Weaver v. Frazee*, 219 Kan. 42, 547 P.2d 1005 (1976). In both of those cases, the actions involved matters required to be specially pleaded under K.S.A. 60-209 and were dismissed either pursuant to a motion to dismiss or a motion for summary judgment. In those cases the court on appeal found there was sufficient merit to the cases to return them to the trial court and the court ruled that amendment should have been allowed in order to determine the matter on the merits.

The instant case, however, can be clearly distinguished from the two foregoing cases, in that in those cases the motion to amend was made either prior to or at the time of the hearing on summary judgment. In the instant case the motion for summary judgment had been filed several months before the trial court entered its order in summary judgment. Furthermore, in the instant case, the parties agreed that the matter was "ripe" for summary judgment, and filed their motion to amend only after they learned of the unsatisfactory results of the summary judgment order. We conclude that the trial court was correct in concluding that appellant was barred by the pleading requirements of K.S.A. 60-208 and 60-209.

Appellant next complains that the court erred in granting summary judgment.

The first question which must be determined is whether the UCCC applies to the transaction. The appellant argues that the clause in the contract which stated, "[t]his loan is subject to the provisions of sections 1 through 131 of the Kansas Uniform Consumer Credit Code applying to consumer loans," was not binding.

The loan was admittedly taken for a business purpose and, therefore, would not qualify as a consumer loan under K.S.A. 16a-1-301(14)(a)(ii). Parties can contract, however, to have their transaction subject to the UCCC. If they so contract, the action is a consumer credit transaction for the purposes of K.S.A. 16a-1-101 through 16a-9-102 of the act. See K.S.A. 16a-1-109. The question is, therefore, whether the clause making the loan subject to the UCCC is a valid part of the contract.

"It is the duty of every contracting party to learn and know the contents of a contract before signing it." *Commercial Credit Corporation v. Harris,* 212 Kan. 310, 314, 510 P.2d 1322 (1973).

"When a person signs a written contract he is bound by its terms, in the absence of fraud, undue influence or mutual mistake as to its contents, regardless of the person's failure to read and understand its terms." *Washington v. Claassen,* 218 Kan. 577, 580, 545 P.2d 387 (1976).

Furthermore, "[t]he general rule is that a contracting party is bound by an agreement to which he assents, where the assent is uninfluenced by fraud, violence, undue influence, or the like, and he will not be permitted to say he did not intend to agree to its terms." *Sutherland v. Sutherland,* 187 Kan. 599, 610, 358 P.2d 776

(1961). The assignee bank cannot complain that the drafter did not know the contents of the instrument.

As was noted in *Miller v. Sirloin Stockade,* 224 Kan. 32, 36, 578 P.2d 247 (1978), the non-moving party is under an affirmative duty "to respond with counter affidavits or take advantage of the alternatives offered to him, which are to ask leave to make additional discovery or to show good cause why he cannot obtain and present by affidavits facts essential to justify his position." (Citing from Gard's Kansas C. Civ. Proc. § 60-256 [1977 Supp.].) As in *Miller,* the appellant has not shown the existence of a material issue of fact or complied with the duties referred to above.

We also conclude that the trial court was correct in its conclusions of law that the transaction violated the UCCC provision regarding supervised loans and an interest rate above the maximum credit rate ceiling.

Under K.S.A. 16a-1-301(40), a "supervised loan" means a consumer loan in which the rate of the finance charge, calculated according to the actuarial method, exceeds twelve percent (12%) per year. K.S.A. 16a-2-301 provides that:

"Unless a person is a supervised financial organization or has first obtained a license from the administrator authorizing him to make supervised loans, he shall not engage in the business of
    (1) making supervised loans; or
    (2) taking assignments of and undertaking direct collection of payments from or enforcement of rights against debtors arising from supervised loans . . . ."

K.S.A. 16a-5-201(2) provides:

"If a creditor has violated the provisions of this act applying to authority to make supervised loans (section 16a-2-301), the loan is void and the consumer is not obligated to pay either the amount financed or finance charge. If he has paid any part of the amount financed or of the finance charge, he has a right to recover the payment from the person violating this act or from an assignee of that person's rights who undertakes direct collection of payments or enforcement of rights arising from the debt."

Since the annual percentage rate of 21.45 percent was over 12 percent per year, the creditor was making a "supervised loan" and, therefore, was required to be licensed as a supervised lender. Since he was not licensed, he violated K.S.A. 16a-2-301 and became subject to the penalty provision under K.S.A. 16a-5-201(2). Therefore, the loan is void and the appellees have a right to recover the $419.98 payment made to appellant.

The trial court refused to grant the appellees the $419.98 payment which they had made to appellant. Frackowiak and Rixner cross-appealed on this issue arguing that the trial court does not have discretion to refuse to award the recovery of the payment. We agree. K.S.A. 16a-5-201(2) provides for a mandatory penalty and once a violation of 16a-2-301 is found, the loan must be voided and any payments made under the transaction must be returned to the payor.

Further, there was a violation of K.S.A. 1979 Supp. 16a-2-401. K.S.A. 1979 Supp. 16a-2-401(1) sets the maximum limit for consumer loans. It provides:

"With respect to a consumer loan, including a loan pursuant to open end credit, a lender may contract for and receive a finance charge, calculated according to the actuarial method, not exceeding eighteen percent (18%) per year on the unpaid balances of the amount financed not exceeding one thousand dollars ($1,000) and fourteen and forty-five hundredths percent (14.45%) per year on that portion of the unpaid balance in excess of one thousand dollars ($1,000)."

Since the lender in this case was not a supervised lender, he would not qualify for the rates set out in subsection (2).

The annual percentage rate of 21.45% on the balance of $4,500.00 exceeded the statutory maximum and, therefore, was in violation of said section.

The trial court was correct in finding that the interest rate was in violation of the UCCC ceilings. The trial court concluded, however, that the penalty was discretionary with the court and did not award the penalty as damages to Frackowiak and Rixner. They appeal from this decision.

K.S.A. 16a-5-201(4) provides that:

"If a creditor has contracted for or received a charge in excess of that allowed by this act, or if a consumer is entitled to a refund and a person liable to the consumer refuses to make a refund within a reasonable time after demand, the consumer may recover from the creditor or the person liable in an action other than a class action a penalty in an amount determined by the court not less than one hundred dollars ($100) or more than one thousand dollars ($1,000)." .

K.S.A. 16a-1-301(17) defines creditor as:

"[T]he person who grants credit in a consumer credit transaction or, except as otherwise provided, an assignee of a creditor's right to payment, but, use of the term does not in itself impose on an assignee any obligation of his assignor."

In the case at bar, the bank would be a creditor who has

received a charge in excess of that allowed by the act and, therefore, is subject to the penalty provision. Although the statute says the consumer "may" recover a penalty, the fixing of a statutory minimum amount indicates a legislative intent that the consumer should recover at least that much. Accordingly we hold that, while the court does have discretion as to the amount of the penalty, it must impose at least the minimum penalty provided for in the act. Therefore, the court is directed on remand to establish the civil penalty in an amount of not less than $100 nor more than $1,000.

Appellant further argued on appeal that the attorney fees awarded by the court of $3,000 was excessive, in light of the recovery by Frackowiak. K.S.A. 16a-5-201(8) states that "[r]easonable attorney's fees shall be determined by the value of the time reasonably expended by the attorney and not by the amount of the recovery on behalf of the consumer."

Frackowiak's attorney presented time sheets and the court awarded fees on the basis of a rate of $45.00 per hour. The trial court is to be considered an expert on the matter of reasonable compensation. *Stafford v. Karmann,* 2 Kan. App. 2d 248, 251, 577 P.2d 836 (1978). The trial court did not abuse its discretion in the amount of the attorney fees awarded.

Rixner cross-appeals from the trial court's refusal to consider his motion for attorney fees. The statute which awards attorney fees (K.S.A. 16a-5-201[8]) is also mandatory.

"In an action in which it is found that a creditor has violated any provision of sections 1 through 131 [16a-1-101 through 16a-9-102] of this act, the court *shall* award to the consumer the costs of the action and to his attorneys their reasonable fees." (Emphasis added.)

It may well be that the trial court may find that the attorney for Rixner performed less work than did the attorney for Frackowiak, and, therefore, is not entitled to as large a fee. Nevertheless, it is incumbent upon the trial court to receive evidence as to Rixner's attorney's work in relation to this case and to grant a fee for the proper worth of those services.

The motion to tax attorney fees as costs on appeal filed by the attorney for Frackowiak is considered, and said attorney is awarded the sum of $750.00 for his services on appeal, same to be paid by appellant.

Affirmed in part, reversed in part, and remanded for further proceedings in harmony with this opinion.