No. 50,807

UNITED KANSAS BANK & TRUST COMPANY, a/k/a Santa Fe Trail State Bank, *Appellant and Cross-Appellee,* v. RICHARD D. RIXNER, DANIEL S. FRACKOWIAK, and F. J. KELLY, *Appellees and Cross-Appellants.*

(619 P.2d 1156)

Opinion filed December 6, 1980.

*Robert A. Andrews,* of Couch, Covell, Dickerson, and Strausbaugh, of Mission, argued the cause and was on the briefs for the appellant, cross-appellee.

*Terence R. McMahon,* of Kansas City, argued the cause and was on the brief for the appellee, cross-appellant, Richard D. Rixner.

*Kris L. Arnold,* of Roeland Park, argued the cause and was on the brief for the appellee, cross-appellant, Daniel S. Frackowiak.

*Per Curiam:* This appeal is before the Supreme Court following the granting of a petition for review of the decision of the Court of Appeals in *United Kansas Bank & Trust Co. v. Rixner,* 4 Kan. App. 2d 662, 610 P.2d 116 (1980).

This action was brought by the United Kansas Bank and Trust Company, plaintiff-appellant, against Richard Rixner and Daniel S. Frackowiak, defendants-appellees, to recover on a promissory note. Frackowiak filed a counterclaim alleging violations of the Uniform Consumer Credit Code (UCCC) and praying that the note be declared void as usurious, for the allowance of the statutory penalty, attorney fees, and a refund of payments made. The district court voided the agreement and awarded attorney fees to Frackowiak's attorney. The district court declined to impose any statutory penalty, award a refund of payments made, or award attorney fees to Rixner's attorney. All parties appealed to the Court of Appeals. The facts of the case are set forth in detail in the excellent opinion by Meyer, J. We have carefully examined the record and the opinion of the Court of Appeals and have concluded that the issues raised on appeal by the various parties are set forth and disposed of by the Court of Appeals in a clear

and concise manner in accordance with established principles of law. We approve the opinion of the Court of Appeals and affirm its judgment in all respects. The result reached in this case is required by express statutory provisions designed to discourage the practice of usury in this state. The judgment of the district court should be affirmed in part and reversed in part and remanded for further proceedings in harmony with the opinion of the Court of Appeals.

The motion to tax attorney fees as costs on the appeal filed by the attorney for Frackowiak is considered and that attorney is awarded the total sum of $1500 for his services on appeal in the Court of Appeals and in this court. The motion to tax attorney fees on the appeal filed by the attorney for Rixner is considered and that attorney is awarded the sum of $500 for his services on the appeal in both courts. The attorney fees awarded shall be paid by the appellant.

The judgment of the Court of Appeals is affirmed. The judgment of the district court is affirmed in part and reversed in part and remanded for further proceedings in harmony with the opinion of the Court of Appeals in *United Kansas Bank & Trust Co. v. Rixner,* 4 Kan. App. 2d 662, 610 P.2d 116 (1980).

HOLMES, J., concurring.

I concur reluctantly in the decision of this court. However, I cannot allow the decision to pass without voicing certain concerns about the result. No one will dispute the merit of statutes controlling usury and I certainly do not condone lending practices which take unfair advantage of persons in need and compelled to borrow money. The furnishing of credit at a rate of interest within reasonable bounds is a commercial function necessary to the survival of any free enterprise system and must be subject to reasonable controls.

At the time of the writing of this concurring opinion the prime interest rate being charged to the most responsible commercial borrowers is in excess of 17% per annum. It has been even higher within the past few years. In the instant case, a business entity, which obviously would not be considered as a candidate for a loan at the prime rate, sought and obtained a business loan and agreed to an interest figure of $539.76, which unfortunately amounted to 21.45% on an annual percentage basis. Thus the

plaintiff, in an attempt to accommodate the defendants, has run afoul of the UCCC as adopted by our legislature.

As a result, the defendants have received a windfall of $4,500.00, no part of which must they repay. In addition they are to receive a bonus, by way of penalty, of $100.00 to $1,000.00, to be determined by the trial court. The plaintiff has been assessed attorney fees for defendants' counsel at the trial level of $3,000.00, and the additional sum of $2,000.00 on appeal. In all, the error in utilizing the wrong form in accommodating the requests of the defendants results in a loss to the plaintiff in excess of $9,500.00 and a windfall to the defendants in excess of $4,500.00. In addition, the plaintiff presumably still has its own attorney fees and expenses to pay.

"The propriety, wisdom, necessity and expedience of legislation are exclusively matters for legislative determination and  .  .  .   what the views of members of the court may be upon the subject is wholly immaterial and it is not the province nor the right of courts to determine the wisdom of legislation touching the public interest as that is a legislative function with which courts cannot interfere." *City of Baxter Springs v. Bryant,* 226 Kan. 383, Syl. ¶ 4, 598 P.2d 1051 (1979).

The application of the provisions of the UCCC to the facts in this case produces a result which is not conducive to respect and confidence in the laws under which our society must function but this court, unfortunately, has no other option than to follow the statutes as written.

MILLER, McFARLAND, and HERD, JJ., join the foregoing concurring opinion.