No. 55,933

WALTER J. WILLARD, *Appellant,* v. CITY OF KANSAS CITY, KANSAS, a Municipal Corporation, *Appellee.*

(681 P.2d 1067)

Opinion filed June 8, 1984.

*J. R. Russell,* of J. R. Russell, Chartered, of Kansas City, argued the cause and was on the briefs for the appellant.

*Harold T. Walker,* assistant city attorney, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: Walter J. Willard (plaintiff-appellant) appeals from a summary judgment entered against him and in favor of the City of Kansas City, Kansas (defendant-appellee). The plaintiff sought damages for cuts and other injuries he suffered to his face

and head when he collided with a chain link fence around a baseball diamond in a city park in Kansas City. The plaintiff alleged in his petition the City was negligent in installing and maintaining a type of fencing with raw sharp cutting edges running along the top in an area where such accidents were likely to occur. The district court found the City immune from liability under provisions of the Kansas Tort Claims Act (KTCA), K.S.A. 1983 Supp. 75-6101 *et seq.* The plaintiff contends the trial court improperly granted summary judgment as there were unresolved issues of fact before the court.

The trial court held the City was immune from liability under the facts and circumstances alleged by the plaintiff under K.S.A. 1983 Supp. 75-6104(*n*), which provides:

"A governmental entity or an employee acting within the scope of the employee's employment shall not be liable for damages resulting from:

. . . .

"(*n*) any claim for injuries resulting from the use of any public property intended or permitted to be used as a park, playground or open area for recreational purposes, unless the governmental entity or an employee thereof is guilty of *gross and wanton negligence* proximately causing such injury." (Emphasis added.)

In his petition the plaintiff alleged the defendant City's *negligent* installation or maintenance of the fencing was the proximate cause of his injuries. In its answer the City alleged, among other defenses, that it was immune from liability upon the facts and circumstances pled by the plaintiff under the KTCA. The pretrial order entered on January 24, 1983, states there were no amendments to the pleadings and lists as issues of fact to be decided at trial "[t]he standards applicable to fencing materials surrounding facilities utilized as softball fields" and "[w]hether defendant had notice of any defect." The order also lists "[t]he applicability, if any, of the immunity statutes to plaintiff's cause of action" as an issue of law to be determined by the court. All discovery, except medical, was to be completed by March 1, 1983, and dispositive motions were to be filed by that date. In its motion for summary judgment filed March 1, 1983, the City claimed it was immune from liability from the plaintiff's claims under 75-6104(*n*) because "plaintiff's allegation of negligence is insufficient to sustain a claim against the municipal defendant." In reply to the City's motion, the plaintiff stated he did not dispute the City's assertion of the pertinent facts, which are

similar to those recounted above, but asserted that "negligence of the defendant is a fact issue to be decided by the jury and therefore not subjected to summary judgment as a matter of law."

The rules which govern the granting of a motion for summary judgment are well settled. In considering a motion for summary judgment, the party against whom the motion is directed is entitled to the benefit of all reasonable inferences and doubts that may be drawn from the facts under consideration. Where genuine issues of material fact remain undetermined, the granting of summary judgment is improper. *Lantz v. City of Lawrence*, 232 Kan. 492, Syl. ¶ 1, 657 P.2d 539 (1983); K.S.A. 60-256. The manifest purpose of a summary judgment is to avoid delay where there is no real issue of fact. The court should never attempt to determine the factual issues on a motion for summary judgment, but should search the record for the purpose of determining whether factual issues do exist. If there is a reasonable doubt as to their existence, a motion for summary judgment will not lie. *Timi v. Prescott State Bank*, 220 Kan. 377, Syl. ¶ 1, 553 P.2d 315 (1976); *Stovall v. Harms*, 214 Kan. 835, 838, 522 P.2d 353 (1974). This court has also emphasized the responsibility of a party opposing summary judgment to take steps to provide evidence by way of deposition or affidavits in opposition to the motion or if necessary to request time to make additional discovery. The nonmoving party cannot rely solely upon the allegations in his pleadings. He must come forward with something of evidentiary value to justify his position. *Miller v. Sirloin Stockade*, 224 Kan. 32, 35-36, 578 P.2d 247 (1978); *Stovall v. Harms*, 214 Kan. at 838; *Ebert v. Mussett*, 214 Kan. 62, 65, 519 P.2d 687 (1974).

All discovery should have been completed, under the direction of the pretrial order, at the time the motion for summary judgment was filed. The record on appeal indicates only the deposition of the plaintiff was filed with the district court. The plaintiff offered no affidavits in opposition to the motion for summary judgment, nor did he seek additional time to furnish affidavits or to take additional depositions. The plaintiff opposed the City's motion by merely asserting that the issue of the City's negligence is a fact determination and therefore can not properly be disposed of on a motion for summary judgment. The plaintiff did not allege that any material facts remained in dispute and, in

fact, expressly stated he did not dispute the City's assertion of the pertinent facts. On appeal, however, the plaintiff maintains he pointed out to the trial court in his reply to the City's motion that there were unresolved factual issues still before the court. This is not supported by the plain language of his reply filed with the district court. The plaintiff also does not indicate in his brief on appeal what those facts in dispute were. The plaintiff contends on appeal that whether the installation of this type of fence material in a ball park was negligent and whether such negligence constituted "gross and wanton" negligence as described in K.S.A. 1983 Supp. 75-6104(*n*), could only be determined after the evidence and testimony was presented at trial. Again, the plaintiff does not indicate what evidence would be presented by him at trial to support his claim that the City's alleged negligent acts constituted "gross and wanton" negligence.

The issue before this court is whether, under the facts and circumstances alleged by the plaintiff in his pleadings, the defendant's acts constituted "gross and wanton" negligence, as described in 75-6104(*n*), as a matter of law in order to permit the case to be submitted to the jury. Wanton conduct is described in PIK Civ. 2d 3.02 as "[a]n act performed with a realization of the imminence of danger and a reckless disregard or complete indifference to the probable consequences of the act." The note following the instruction states it should be given in any case where a claim of wanton conduct is *supported by the evidence.* Recently, in *Britt v. Allen County Community Jr. College,* 230 Kan. 502, Syl. ¶ 5, 638 P.2d 914 (1982), this court repeated the well established test of gross and wanton negligence:

"Proof of a willingness to injure is not necessary in establishing gross and wanton negligence. This is true because a wanton act is something more than ordinary negligence but it is something less than willful injury. To constitute wantonness the act must indicate a realization of the imminence of danger and a reckless disregard or a complete indifference or an unconcern for the probable consequences of the wrongful act."

The court in *Britt* emphasized that to establish wanton or reckless conduct, there must be evidence to establish a realization of the imminence of danger and a reckless disregard or complete indifference to the probable consequences. 230 Kan. at 510. In that case the testimony of the three witnesses failed to establish facts or circumstances from which the jury could find

the defendant's employee acted in a willful or wanton manner and the district court properly entered a summary judgment in favor of the defendant.

In the action before us the plaintiff alleged in his petition that the defendant City was *negligent* in installing or maintaining the particular fence here involved. The City indicated its intention to rely on the tort immunity defense in its answer and subsequently at the pretrial hearing. In response to the City's motion for summary judgment on this issue the plaintiff merely stated that the defendant's "negligence" was a fact issue to be determined by the jury. The plaintiff took no steps to provide evidence by way of deposition or affidavit in opposition to the motion, but chose to rely solely upon the allegations in his pleadings. No evidence was offered that the City violated any standards or other municipal ordinances governing the installation of fencing in public areas, or that the City had notice of the potentially dangerous condition of the fence, which might give rise to an inference of gross and wanton negligence on the part of the City. In *Miller v. Sirloin Stockade*, 224 Kan. at 36, the court quoted from Gard's Kansas C. Civ. Proc. § 60-256 (1977 Supp.):

" 'Although the procedure has seemed to be plain under the Kansas rule with respect to the use of affidavits to support a motion for summary judgment, particularly in the light of the federal precedents, any lingering doubts have now been resolved by the decision in Ebert v. Mussett, 214 K 62, 519 P.2d 687. Though the Kansas rule does not contain the express provision of Federal Rule 56 (1963 amendment) prohibiting a non-moving party from relying upon allegations of his pleadings to oppose facts stated by affidavit in support of a motion for summary judgment, the same prohibition exists in Kansas by reason of the implications of this section and the case law which has construed it. As the court says in Ebert v. Mussett, supra, the rule is intended to enable a party to pierce the allegations of fact in his adversary's pleadings and to avoid a trial on fact issues which are paper issues only. Consequently, *the rule is now spelled out to the effect that there is an affirmative duty upon the non-moving party to respond with counter affidavits or take advantage of the alternatives offered to him, which are to ask leave to make additional discovery or to show good cause why he cannot obtain and present by affidavits facts essential to justify his position.* He may, of course, ask for additional time for procuring such counter-affidavits. Failing in these opportunities a motion for summary judgment showing by affidavits (or other discovery records, for that matter) that there is no factual dispute and that the moving party is entitled to judgment as a matter of law, the motion should be granted and judgment entered accordingly.' " (Emphasis added.)

In this case, in order to avoid summary judgment, the plaintiff

was obligated to produce affidavits or other evidence showing facts and circumstances from which the City's gross and wanton conduct, as required to establish liability under 75-6104(n), could be inferred. Mere negligence on the part of the City, which was all that was alleged by the plaintiff in his pleadings, was insufficient to establish a basis for liability under the KTCA. The plaintiff "could not bide his time and wait for trial to see" if some evidence establishing the City's gross and wanton conduct would be produced. See *Miller v. Sirloin Stockade*, 224 Kan. at 36. There was no genuine issue of fact before the district court. Accordingly, the motion for summary judgment was properly sustained.

The judgment of the lower court is affirmed.