No. 58,141

FRANK JAMES LEE, SR., and MARY VIRGINIA LEE, both as individuals and as co-administrators of the Estate of Frank James Lee, Jr., *Appellants,* v. CITY OF FORT SCOTT, *Appellee.*

(710 P.2d 689)

Opinion filed December 6, 1985.

*Timothy A. Short,* of Spigarelli, McLane & Short, of Pittsburg, argued the cause and was on the brief for appellants.

*Zackery E. Reynolds,* of Hudson, Mullies, Hudson & Hudson, of Fort Scott, argued the cause and *Leigh C. Hudson,* of the same firm, was with him on the brief for appellee.

The opinion of the court was delivered by

HERD, J.: This is a wrongful death action brought by Frank and Mary Lee, the parents of Frank James Lee, Jr. They allege Frank Jr.'s death resulted from injuries suffered when his motorcycle collided with steel cables strung between trees in Gunn Park in the City of Fort Scott.

In the mid-1970's, Fort Scott was faced with a problem of vandalism on a golf course maintained by the the City in Gunn Park. The City was concerned with persons driving their vehicles off the road and onto the fairways and greens. In response to this concern, in 1975 the City strung steel cables around the golf course. The cables were located off the road and posed no hazard to anyone properly using the roadway. As an additional restraint,

the City enacted an ordinance prohibiting any motor vehicle from driving off of regularly traveled roadways. However, no notice of this prohibition was posted anywhere in Gunn Park.

On April 10, 1982, eighteen-year-old Frank James Lee, Jr., while riding his motorcycle in Gunn Park, collided with steel cables strung between two trees. Frank, Jr. had ridden motorcycles for at least two years prior to the accident and about two months before the accident he had bought his own motorcycle. It is not known whether Frank Lee, Jr. had ever ridden a motorcycle in the area of Gunn Park where the accident occurred; however, he was familiar with the park.

After the accident, Frank Jr., was taken to Mercy Hospital in Fort Scott, where emergency surgery was performed to repair lacerations of his liver. He was released from the hospital on April 20, 1982, but his condition worsened and he was readmitted to Mercy Hospital on April 25, 1982. Two additional operations failed to repair his liver damage and he was transferred to the Kansas University Medical Center on April 26, 1982, where he underwent six more operations. His condition continued to worsen, however, and on May 18, 1982, he died of continued liver hemorrhage.

Appellants, Frank Lee Sr. and Mary Virginia Lee, filed this wrongful death action on November 30, 1982. Almost two and one-half years later, in response to the City of Fort Scott's motion for summary judgment, the trial court found as a matter of law that appellants had failed to produce any evidence of "gross and wanton negligence" as required by K.S.A. 75-6104(n). Accordingly, the trial court granted the City of Fort Scott's motion for summary judgment. The Lees appeal.

The sole issue on appeal is whether the trial court erred in finding as a matter of law that defendant was not guilty of gross and wanton negligence.

The Kansas Tort Claims Act (KTCA) imposes governmental liability (K.S.A. 75-6103) for wrongful conduct subject to a number of exceptions set out at K.S.A. 75-6104.

Both parties concede the exception found at K.S.A. 75-6104(n) is applicable to the present case. It provides:

"A governmental entity or an employee acting within the scope of the employee's employment shall not be liable for damages resulting from:

. . . .

"(n) any claim for injuries resulting from the use of any public property

intended or permitted to be used as a park, playground or open area for recreational purposes, unless the governmental entity or an employee thereof is guilty of gross and wanton negligence proximately causing such injury."

Therefore, in order to hold the City of Fort Scott liable for the death of Frank Lee, Jr., appellants must show the City's action in erecting the steel cables constituted gross and wanton negligence and was the proximate cause of the injuries resulting in his death.

After examining the discovery record, the trial court determined appellants had failed to produce any evidence that the City was guilty of gross and wanton negligence as that term has been defined by this court. Therefore, the trial court granted the City's motion for summary judgment. Appellants now contend the trial court erred in finding as a matter of law there was no gross and wanton negligence on the part of the City.

In *Willard v. City of Kansas City*, 235 Kan. 655, 658, 681 P.2d 1067 (1984), we set out the test for gross and wanton negligence:

" 'Proof of a willingness to injure is not necessary in establishing gross and wanton negligence. This is true because a wanton act is something more than ordinary negligence but it is something less than willful injury. To constitute wantonness the act must indicate a realization of the imminence of danger and a reckless disregard or a complete indifference or an unconcern for the probable consequences of the wrongful act.' " Quoting *Britt v. Allen County Community Jr. College*, 230 Kan. 502, Syl. ¶ 5, 638 P.2d 914 (1982).

In *Willard*, as in the present case, the issue before the court was whether the trial court erred in granting summary judgment to the defendant based upon a finding that plaintiffs had failed to show gross and wanton negligence as required by K.S.A. 75-6104(n). The plaintiff in *Willard* sought damages for cuts and other injuries he had suffered to his face and head when he collided with a chain link fence around a baseball diamond in a city park in Kansas City, Kansas. The plaintiff alleged the City was negligent in installing and maintaining a fence with sharp, cutting edges along the top in an area where accidents such as that had by plaintiff were likely to occur.

After setting out the general rules of summary judgment, the court noted:

"This court has also emphasized the responsibility of a party opposing summary judgment to take steps to provide evidence by way of deposition or affidavits in opposition to the motion or if necessary to request time to make additional discovery. The nonmoving party cannot rely solely upon the allegations in his

pleadings. He must come forward with something of evidentiary value to justify his position." 235 Kan. at 657.

We held in *Willard* that since the plaintiff failed to produce affidavits or other·evidence showing the facts and circumstances from which the City's gross and wanton conduct could be inferred, summary judgment was proper. The Court noted that mere negligence on the part of the City, which was all that was alleged in plaintiff's petition, was insufficient to establish a basis of liability under the KTCA.

In the present case, appellants did allege gross and wanton negligence on the part of the City in their petition. However, as in *Willard,* they failed to produce any evidence which would establish gross and wanton conduct, other than the fact the City had strung cables between the trees in the park.

In *Britt v. Allen County Community Jr. College,* 230 Kan. 502, 510, 638 P.2d 914 (1982), the court described the evidence necessary to establish wanton and reckless conduct:

"To constitute wanton and reckless conduct, there must be evidence to establish a realization of the imminence of danger and a reckless disregard or complete indifference to the probable consequences."

As support for their allegations of gross and wanton conduct on the part of the City, appellants refer us to several facts established through discovery. First, they point out the City had posted no signs in Gunn Park warning of the presence of the cables, nor were there any signs prohibiting the operation of motorcycles off the roadway. Additionally, appellants note the City was aware motorcycles and other vehicles were operated off the roadway, since the City had issued a number of traffic citations for driving off the roadway in Gunn Park.

We find the evidence presented by appellants fails to give rise to even an inference of gross and wanton negligence. In *Willard,* we suggested the character of evidence which a plaintiff must offer to give rise to an inference of gross and wanton negligence:

"No evidence was offered that the City violated any standards or other municipal ordinances governing the installation of fencing ·in public areas, or that the City had notice of the potentially dangerous condition of the fence, which might give rise to an inference of gross and wanton negligence on the part of the City." 235 Kan. at 659.

The fact that the City had issued a number of traffic citations for driving off the roadway does not prove the City had notice of

the potentially dangerous placement of the steel cables. Appellants failed to offer any evidence which would establish that the City realized the imminence of danger and exhibited a complete disregard of the consequences. Rather, the evidence showed that at the time the accident occurred, the steel cables had been in place for approximately seven years. The cables were erected to deter vandalism to the golf course and were located off the roadway. No other accidents involving the steel cables had been reported to the City. There is no evidence of a reckless disregard of a known danger and thus no gross and wanton negligence.

The judgment of the trial court is affirmed.