No. 60,464

GREGORY SCOTT BOALDIN and KENT BOALDIN, *Appellants*, v. UNIVERSITY OF KANSAS, KANSAS BOARD OF REGENTS, and STATE OF KANSAS, *Appellees.*

(747 P.2d 811)

Opinion filed December 11, 1987.

*Kevin L. Diehl*, of Eugene B. Ralston & Associates, P.A., of Topeka, argued the cause and was on the brief for appellants.

*Mary D. Prewitt*, special assistant attorney general, Office of the General Counsel, University of Kansas, of Lawrence, argued the cause and was on the brief for appellees.

The opinion of the court was delivered by

ALLEGRUCCI, J.: This is an action brought by a student for

injuries sustained in a sledding accident on the campus of the University of Kansas (KU). The district court granted summary judgment against the plaintiff's personal injury action, holding that the defendants were immune pursuant to K.S.A. 75-6104(n).

The plaintiff, Gregory Scott Boaldin, was a freshman at the University of Kansas. On February 10, 1985, it had snowed heavily in Lawrence and, on February 11, 1985, plaintiff decided to go sledding on the campus at the encouragement of several friends.

One of plaintiff's friends checked out three cafeteria trays from Ellsworth Residence Hall to use in sledding. Plaintiff was unable to check out a cafeteria tray since he was not a resident of Ellsworth Hall. The residence hall permitted students to check out trays for sledding purposes in order to prevent students from stealing the trays. Plaintiff and his friends went to the open area east of Ellsworth Hall known as Daisy Hill, where several other students were also sledding using food trays, cardboard boxes, trash bags, and other items. At the bottom of the hill, one of the paths in the snow went between two trees approximately eight feet apart.

Plaintiff sledded for a half hour to 45 minutes, sledding down the path between the two trees twice, and sledding down the other paths approximately ten times. During the sledding runs, plaintiff had used both a cafeteria tray and a saucer sled owned by one of his friends. On the third time plaintiff went down the path which led between the two trees, he used the saucer sled. On his prior two trips down this path, he had used the saucer sled once and had used a cafeteria tray once. On the third run, plaintiff lost control of the saucer sled and hit one of the trees at the bottom of the path. Plaintiff suffered serious back injuries, requiring two surgeries. He presently wears leg braces and is able to stand or walk for short distances on flat surfaces. He is unable to climb stairs.

Sledding is a winter tradition on the hills of the University of Kansas campus and, although university officers had discussed prohibiting sledding, they concluded that such a prohibition would be unenforceable. Students were permitted to check out cafeteria trays for sledding purposes in order to prevent the theft of the trays. Prior to this incident, it had been common knowl-

edge that food trays were used in sledding, but it was not common knowledge that the trays could be checked out. Trays were often stolen from the cafeteria, and the more common practice was to steal trays rather than to check them out.

The Daisy Hill area where plaintiff was injured has been an open space for many years. In addition to sledding, the hill is used for football, soccer, baseball, softball, Frisbee throwing, sunbathing, and other sports. KU officials make no attempt to keep students out of the area, and the area is used by the public as well as by students.

On May 10, 1985, plaintiff filed the present action, naming as defendants the University of Kansas, the Kansas Board of Regents, and the State of Kansas. After discovery, the district court, finding the provisions of K.S.A. 75-6104(n) applicable to the present case, sustained the defendants' motion for summary judgment.

The first issue raised by plaintiff on appeal is whether the district court erred in holding that K.S.A. 75-6104(n) is applicable in the present case.

K.S.A. 75-6104 provides, in part:

"A governmental entity or an employee acting within the scope of the employee's employment shall not be liable for damages resulting from:

. . . .

"(n) any claim for injuries resulting from the use of any public property intended or permitted to be used as a park, playground or open area for recreational purposes, unless the governmental entity or an employee thereof is guilty of gross and wanton negligence proximately causing such injury."

On appeal, plaintiff advances three arguments in support of the contention that subsection (n) is inapplicable in the present case. First, plaintiff argues that the Daisy Hill area should not be considered land within the meaning of subsection (n), since there are no specific rules at the university establishing Daisy Hill as a recreational area. In particular, plaintiff notes that, while other areas of the KU campus have been expressly designated as recreational areas, the Daisy Hill area has not been so designated.

Plaintiff's argument ignores the language of subsection (n). The immunity provided by subsection (n) is not limited merely to areas which have been expressly designated as recreational in

nature by a governmental entity. Rather, subsection (n) provides immunity where an injury has arisen on "any public property intended or permitted to be used as a park, playground or open area for recreational purposes." Under the plain and unambiguous wording of the statute, a governmental entity which permits public property to be used as a park, playground, or open area for recreational purposes is immune from damages arising from negligence. In the present case, the evidence is uncontradicted that KU permitted the Daisy Hill area to be used, both by students and by the public, for recreational purposes. Although the Daisy Hill area has not been expressly designated as a recreational area, it is beyond question that the university has permitted the area to be used as a park, playground, or open area for recreational purposes.

In his second argument, plaintiff argues that subsection (n) is not applicable in cases in which the governmental entity being sued is not a municipality. Plaintiff supports this argument by noting, first, that all of the published decisions of this court involving subsection (n) have involved defendant municipalities. Moreover, plaintiff notes that, of the provisions of K.S.A. 75-6104, subsections (j), (k), (l), (m), (n), and (o) were passed as a result of the lobbying efforts of the Kansas League of Municipalities. Plaintiff therefore argues that the public parks provision of subsection (n) applies only to cases in which the governmental entity is a municipality.

We are not convinced by plaintiff's argument. Although certain provisions of the Kansas Tort Claims Act may have received the lobbying support of the Kansas League of Municipalities, that is insufficient to compel the conclusion that these provisions of the Tort Claims Act are inapplicable to the state or its agencies. In construing a statute, courts are not justified in disregarding the clear intent of the statute appearing from its plain and unambiguous language. *State v. Haug*, 237 Kan. 390, 699 P.2d 535 (1985). In the present case, the immunity provisions of subsection (n) apply to any "governmental entity or an employee acting within the scope of the employee's employment." The Tort Claims Act expressly defines the term "governmental entity" to mean either the state or a municipality. K.S.A. 75-6102(c).

Finally, the plaintiff argues that the provisions of subsection

(n) should apply only where the injury occurs in an area which is "part and parcel of a specific defined area which was utilized mainly for recreational purposes." Again, the argument of the plaintiff ignores the plain language of subsection (n), which provides for immunity where a governmental entity has permitted public property to be used as an open space for recreational purposes, and not merely where the governmental entity specifically designates certain property as recreational in nature. The plaintiff contends that, if subsection (n) is applied to property other than that which has been expressly designated as recreational, then governmental entities would also escape liability for personal injuries arising on sidewalks or public streets, since such areas are sometimes used for recreational purposes. We do not agree. This court has recognized a duty on the part of governmental entities to maintain public streets and public sidewalks in a condition reasonably safe for use. See, *e.g., Sepulveda v. Duckwall-Alco Stores, Inc.*, 238 Kan. 35, 39, 708 P.2d 171 (1985); *Toumberlin v. Haas*, 236 Kan. 138, 689 P.2d 808 (1984); *Warden v. City of Wichita*, 232 Kan. 838, 658 P.2d 1043 (1983); *Grantham v. City of Topeka*, 196 Kan. 393, 411 P.2d 634 (1966); *Taggart v. Kansas City*, 156 Kan. 478, 480, 134 P.2d 417 (1943). A holding that subsection (n) applies in the present case will not affect or vary the responsibility of governmental entities to maintain public streets and public sidewalks, since this responsibility has been recognized to exist independent of subsection (n).

In the present case, the facts establish that the University of Kansas permitted the Daisy Hill area to be used for recreational purposes. The Daisy Hill area was used extensively for recreational purposes, both by the students of the university and by members of the public. The plaintiff received his injuries while using the Daisy Hill area for a recreational purpose. Applying the plain and unambiguous terms of K.S.A. 75-6104(n), the named defendants cannot be held liable for injuries allegedly resulting from the negligence of the defendants.

The second issue raised by plaintiff on appeal is whether the district court erred in holding that the plaintiff had failed to show gross or wanton negligence on the part of the defendants.

In *Lee v. City of Fort Scott*, 238 Kan. 421, Syl. ¶ 1, 710 P.2d

689 (1985), this court set out the test for establishing gross and wanton negligence:

"Proof of a willingness to injure is not necessary in establishing gross and wanton negligence. This is true because a wanton act is something more than ordinary negligence but less than willful injury. To constitute wantonness the act must indicate a realization of the imminence of danger and a reckless disregard or a complete indifference or an unconcern for the probable consequences of the wrongful act."

This court emphasized in *Lee* that there must be evidence "to establish a realization of the imminence of danger and a reckless disregard or complete indifference to the probable consequences." 238 Kan. at 424 (quoting *Britt v. Allen County Community Jr. College*, 230 Kan. 502, 510, 638 P.2d 914 [1982]).

The plaintiff argues that, even if the immunity provisions of the Kansas Tort Claims Act are held to apply in the present case, summary judgment was improper since the university or its agents might have been grossly negligent in their conduct regarding sledding on campus. K.S.A. 75-6104(n) provides protection for governmental entities and their employees only for actions resulting from negligence, and does not provide protection for injuries resulting from gross or wanton negligence on the part of the governmental entity or employee.

It is a well-established rule that, in considering a motion for summary judgment, the party against whom the motion is directed is entitled to the benefit of all reasonable inferences and doubts that may be drawn from the facts. *Willard v. City of Kansas City*, 235 Kan. 655, Syl. ¶ 1, 681 P.2d 1067 (1984).

Plaintiff contends that, in viewing the record, the facts and reasonable inferences drawn therefrom support his claim of gross and wanton negligence. He first points out that the defendants were aware of the tradition of sledding in this area. In addition, sledding was encouraged by allowing food trays to be checked out for that purpose. Further, defendants knew that obstacles such as trees existed on some of the hills where students were sledding, and that students were attempting to sled between two closely situated trees behind Ellsworth Hall. One student had been injured in a prior attempt to negotiate between the two trees. Plaintiff argues that the failure of the university to prohibit sledding on campus or to install warning

signs or padding around the trees near sledding areas constitutes gross and wanton negligence, for which the university receives no protection under K.S.A. 75-6104(n). We do not agree.

In *Lee*, this court, finding that the public park provisions of K.S.A. 75-6104(n) applied to a park maintained by the defendant city, held that there was insufficient evidence in the record to establish gross or wanton negligence on the part of the defendant city. 238 Kan. at 425. The factual allegations in *Lee*, which we found did not constitute gross or wanton negligence, reflect much more serious misconduct than that which is asserted in the present case. In the present case, the plaintiff charges that the university was grossly negligent in failing to prevent the hazards which caused his injury. In *Lee*, the defendant city was charged not with merely failing to prevent the decedent's injuries but, rather, with affirmatively creating the hazards which caused the injuries and death of the plaintiffs' son. In *Lee*, the defendant city had strung steel cables between the trees surrounding the golf course in the city's park. The steel cables were strung in order to prevent motorcyclists from traveling across the golf course, a problem which the city had experienced in the past. The son of the plaintiffs, while riding a motorcycle, struck the steel cables and received injuries ultimately resulting in his death.

Allowing the cafeteria trays to be checked out was not done to encourage sledding, but to prevent the trays from being stolen for that purpose. It did not work because students continued to steal the trays rather than check them out. The plaintiff could not and did not check out a tray, nor was he using a tray at the time of the accident. The fact that defendants were aware of sledding on campus and that prior accidents had occurred is not evidence of gross and wanton conduct. Almost every recreational activity has risks of injury, and that is the reason for adopting a provision such as K.S.A. 75-6104(n). If permitting recreational activity to occur knowing that injury may result is to be considered gross and wanton conduct, then every governmental entity in this state would be guilty of gross and wanton conduct. To adopt plaintiff's argument would render meaningless the exception from liability as contained in K.S.A. 75-6104(n). The recognition of the danger occasioned by sledding between two trees was best articulated

by the University Director of Housing: "Any time you attempt to sled close to an immovable object, that is bad judgment. The hill is not dangerous. The tree is not dangerous. The judgment is what's dangerous." We find the evidence failed to establish gross and wanton negligence by the defendants, and therefore the defendants are immune from liability pursuant to K.S.A. 75-6104(n).

The judgment of the trial court is affirmed.