No. 63,023

JEFFREY T. NICHOLS, *Appellant,* v. UNIFIED SCHOOL DISTRICT
NO. 400, *Appellee.*

(785 P.2d 986)

Opinion filed January 19, 1990.

*Tim R. Karstetter,* of Flory, Karstetter, Flory & Klenda, of McPherson, argued the cause and was on the brief for appellant.

*John W. Mize,* of Clark, Mize & Linville, Chartered, of Salina, argued the cause and *Lawton M. Nuss,* of the same firm, was with him on the briefs for appellee.

*Daniel J. Sevart,* of Sevart & Sevart, of Wichita, and *James T. McIntyre,* of Depew, Gillen & Rathbun, of Wichita, was on the brief for *amicus curiae* Kansas Trial Lawyers Association.

The opinion of the court was delivered by

HERD, J: This is a personal injury case involving the Kansas Tort Claims Act. K.S.A. 75-6101 *et seq.*

The facts are undisputed. Jeffrey Nichols was practicing football with the Smoky Valley High School football team on the night he was injured. The head football coach directed the players to run to the locker room from the practice field after a nighttime practice on August 23, 1985. Between the football practice field

and locker room there was a grassy swale or waterway which provided drainage from the high school playground. As Nichols ran to the locker room, he passed through the waterway and stumbled forward, caught his balance, and continued on into the locker room. Nichols had crossed this area many times. After taking a shower, Nichols sat down and felt pain in his back. Nichols brought suit against Unified School District No. 400 (U.S.D. 400), alleging the football coach was negligent in requiring players to run to the locker room in darkness and negligent in failing to properly supervise the players.

U.S.D. 400 is organized pursuant to the laws of the State with offices in Lindsborg. The football coach is an employee of U.S.D. 400. It is uncontroverted that the manner of conducting football practice was left to the coach's discretion. Finally, the parties also agree that the coach did not intentionally injure Nichols.

The district court granted summary judgment in favor of the school district based upon the discretionary function and recreational use exceptions to the Kansas Tort Claims Act, K.S.A. 75-6104, and the Land and Water Recreational Areas Act, K.S.A. 58-3201 *et seq.* Nichols appealed.

The Court of Appeals held the *recreational use exception* supplied immunity to the school district and the football coach as an employee acting within the scope of employment. The court reached this decision based upon the plain and unambiguous language of K.S.A. 75-6104(n). Because of the application of the recreational use exception, the court declined to discuss the discretionary function exception and the Land and Water Recreational Areas Act.

The first issue is whether the district court erred in finding the recreational use exception of the Kansas Tort Claims Act applicable in this case. Nichols and *amicus curiae* Kansas Trial Lawyers Association contend the recreational use exception to the Tort Claims Act does not apply to injuries which occur during a supervised activity by the school district. In addition, *amicus curiae* urges the proposition that for the recreational use exception to apply injuries must have resulted from a *condition* of the premises.

The Kansas Tort Claims Act is an open-ended act making governmental liability the rule and immunity the exception. *Dougan*

*v. Rossville Drainage Dist.*, 243 Kan. 315, 318, 757 P.2d 272 (1988).

K.S.A. 75-6103(a) states:

"Subject to the limitations of this act, each governmental entity shall be liable for damages caused by the negligent or wrongful act or omission of any of its employees while acting within the scope of their employment under circumstances where the governmental entity, if a private person, would be liable under the laws of this state."

Statutory exceptions to liability are found in K.S.A. 75-6104:

"A governmental entity or an employee acting within the scope of the employee's employment shall not be liable for damages resulting from:

. . . .

"(n) any claim for injuries resulting from the use of any public property intended or permitted to be used as a park, playground or open area for recreational purposes, unless the governmental entity or an employee thereof is guilty of gross and wanton negligence proximately causing such injury."

At the time of Nichols' injury, the recreational use exception was found at K.S.A. 75-6104(n). The exception has since been moved to K.S.A. 1988 Supp. 75-6104(o). Because the language remains unchanged, we will refer to the exception as designated when Nichols was injured.

Nichols' argument that governmental immunity applies only to an unsupervised activity is without merit. The plain language of the statute makes it clear that immunity exists for any claim for negligently caused injuries resulting from the *use* of public property intended for recreational purposes. Nowhere in the statute does the language distinguish between activities which are supervised or unsupervised. Where a statute is plain and unambiguous, this court must give effect to the intention of the legislature as expressed rather than determine what the law should or should not be. *Brinkmeyer v. City of Wichita*, 223 Kan. 393, 397, 573 P.2d 1044 (1978). Furthermore, in *Bonewell v. City of Derby*, 236 Kan. 589, 693 P.2d 1179 (1985), we found governmental immunity applied to the Derby Jaycees, who administered and supervised the city softball leagues, when a plaintiff was injured sliding into home plate. 236 Kan. at 593. Therefore, Nichols' attempt to defeat governmental immunity based upon the distinction between supervised and unsupervised activities is erroneous.

Next, *amicus curiae* contends immunity is available to the school district only when the injury is a result of the condition of the public property used for recreational purposes. For support, *amicus* relies upon four prior cases.

In *Willard v. City of Kansas City*, 235 Kan. 655, 681 P.2d 1067 (1984), the plaintiff sought damages from an injury he suffered when he collided with a chain link fence around a baseball field. 235 Kan. at 655-56. This court determined the City was immune from liability because the plaintiff failed to produce evidence on which to infer the City's gross and wanton neglect. 235 Kan. at 660.

The following year, in *Bonewell v. City of Derby*, 236 Kan. at 589, we considered a case wherein the plaintiff suffered a broken leg from sliding into home plate. Plaintiff argued the recreational use exception applied only to injuries resulting from the natural condition of the property and thus, since her injury was due to an artificial condition of the property, a defective home plate, the City should not be immune from liability. Justice (now Chief Justice) Miller stated:

"*Regardless of what causes an injury* sustained in a public park, a claimant in this state must offer evidence of gross and wanton negligence; mere negligence on the part of a governmental entity is not sufficient to establish a compensable claim under the statute. We do not recognize the artificial condition or equipment exception . . . ." (Emphasis added.) 236 Kan. at 593.

*Amicus* also points to *Lee v. City of Fort Scott*, 238 Kan. 421, 710 P.2d 689 (1985), a wrongful death action by the parents of the decedent, who collided with a steel cable strung around the city golf course while riding a motorcycle. 238 Kan. at 422. We upheld the grant of summary judgment in favor of the City based upon the recreational use exception because plaintiff failed to produce evidence of gross and wanton negligence. 238 Kan. at 425.

Finally, in *Boaldin v. University of Kansas*, 242 Kan. 288, 747 P.2d 811 (1987), we considered a case in which the plaintiff was injured during a sledding accident on Daisy Hill at the K.U. campus. Plaintiff slid down Daisy Hill several times on various types of sleds. On his third trip down the hill, plaintiff lost control, hit a tree, and sustained serious back injuries. 242 Kan. at 289.

Plaintiff argued the recreational use exception did not apply because Daisy Hill was not an established recreational area. 242 Kan. at 290. We held, however, that the exception is not limited to areas expressly designated as recreational. We concluded that plaintiff had failed to establish gross and wanton negligence by the University and thus held the University immune from liability. 242 Kan. at 295.

In each of those cases, *amicus* contends liability was barred because the injuries were a result of the condition of the premises: a defective home plate, a chain link fence, a steel cable, and trees at the bottom of a hill. *Amicus* argues that, in the present case, Nichols' claim is based upon the negligence and negligent supervision of the football coach and that since the claim is not based upon any defective or artificial condition of the premises, as in the foregoing cases, governmental immunity must be denied.

We disagree and find that *Boaldin v. University of Kansas* governs this case. Trees at the bottom of Daisy Hill are no more a defective condition of the premises than the grass waterway at Smoky Valley High School. In *Boaldin,* summary judgment was granted to the University because the plaintiff failed to establish gross and wanton negligence—a necessary prerequisite to defeat governmental immunity under the plain and unambiguous wording of the statute. 242 Kan. at 295. Daisy Hill was an open area used for recreational purposes. Governmental immunity applied because the plaintiff suffered injury from the *use* of the premises, not the condition.

To require an injury to be the result of a condition of the premises is too restrictive a reading of the recreational use exception statute. K.S.A. 75-6104(n). Construction of the liability exception requires us to focus on the purpose and intent of the legislature when intent can be ascertained from the statute. See *Brinkmeyer v. City of Wichita,* 223 Kan. at 396-97. The language of K.S.A. 75-6104(n) is plain and unambiguous. If the legislature had intended to limit immunity to those situations in which an injury on public property, used for recreational purposes, was caused by conditions on the premises, it would have expressly so stated. *E.g.,* Ind. Code § 34-4-16.5-3(4) (1988).

We need not discuss either the discretionary function exception or the Land and Water Recreational Areas Act.

The judgment of the district court is affirmed.