(836 P.2d 1222)

No. 67,639

MORRIS GRUHIN, *Appellant,* v. CITY OF OVERLAND PARK d/b/a Overland Park Golf Club, *Appellee.*

Opinion filed August 28, 1992.

*Scott I. Asner,* of Olathe, for appellant.

*Diana D. Moore* and *Michael G. Smith,* of Blackwell Sanders Matheny Weary & Lombardi, of Overland Park, for appellee.

Before BRAZIL, P.J., GERNON, J., and E. NEWTON VICKERS, District Judge Retired, assigned.

BRAZIL, J.: Morris Gruhin appeals the district court's order granting summary judgment in his negligence action brought against the City of Overland Park (City). Gruhin contends the trial court erred in finding that the City was immune from liability for ordinary negligence and in granting summary judgment on the issues of gross and wanton negligence. We affirm in part, reverse in part, and remand for further proceedings on the issue of gross and wanton negligence.

Gruhin was injured while playing golf at the City's golf course when the cart in which he was riding drove into a hole several feet deep. Golf club personnel knew that one other person had been injured at the same location several weeks before Gruhin's accident and had marked the area around the hole with chalk lines.

Gruhin contends that the district court erred in concluding that the Kansas Tort Claims Act, K.S.A. 75-6101 *et seq.*, (KTCA) provides the City with immunity from liability for ordinary negligence in this instance. According to Gruhin, the golf course does not fall within the purview of K.S.A. 1991 Supp. 75-6104(o), the recreational use exception of the KTCA. On appeal this court has unlimited review of the district court's conclusions of law. *Gillespie v. Seymour*, 250 Kan. 123, 129, 823 P.2d 782 (1991).

Under the provisions of the KTCA, governmental liability is the rule and immunity the exception. *G. v. State Dept. of SRS*, 251 Kan. 179, 187, 833 P.2d 979 (1992). The KTCA provides as a general rule that a governmental entity is liable for the negligence of its employees acting within the scope of their employment in those situations where a private person would also be liable. K.S.A. 75-6103(a). The City constitutes a governmental entity as defined by the KTCA. K.S.A. 1991 Supp. 75-6102(b) and (c). The recreational use exception to the general rule of liability is found in K.S.A. 1991 Supp. 75-6104:

"A governmental entity or an employee acting within the scope of the employee's employment shall not be liable for damages resulting from:

. . . .

(o) any claim for injuries resulting from the use of any public property intended or permitted to be used as a park, playground or open area for recreational purposes, unless the governmental entity or an employee thereof is guilty of gross and wanton negligence proximately causing such injury."

Gruhin contends that the recreational use exception to the KTCA is inapplicable to the golf course where he received his injuries because the course is not a park or a playground. Gruhin further asserts that, because the golf course has restrictions upon its use and access, it cannot be considered an open area for recreational purposes.

The KTCA does not define the terms "park" or "playground," nor does it explicitly state what constitutes an "open area." Prior case law addressing the recreational use exception suggests that the exception applies wherever the public uses property owned by a governmental entity for recreational purposes, regardless of any use restrictions. For example, in *Bonewell v. City of Derby*, 236 Kan. 589, 693 P.2d 1179 (1984), the court held that the recreational use exception provided immunity from liability for injuries received at a city-owned ballfield in a public park. The ballfield, like the golf course in this case, was designed for a single recreational activity. This fact did not prevent the court in *Bonewell* from applying the recreational use exception. 236 Kan. at 592. Likewise, the fact that the golf course has only one recreational purpose should not preclude application of K.S.A. 1991 Supp. 75-6104(o) in this instance.

Gruhin argues that a golf course cannot be an open area for recreational purposes because "[a] golf course places restrictions as to time, purpose, direction of travel and manner of play." This argument lacks merit. Acceptance of Gruhin's position would mean that any governmental entity attempting to regulate the time or manner in which public recreation areas are used would risk losing the immunity provided by K.S.A. 1991 Supp. 75-6104(o). Surely, in enacting the recreational use exception to the KTCA, the legislature did not intend to force governmental entities to sacrifice their ability to regulate the use of recreational areas. "A statute subject to interpretation is presumed not to have been intended to produce absurd consequences, but to have the most reasonable operation that its language permits. If possible, doubtful provisions should be given reasonable, rational, sensible, and intelligent constructions." *Mendenhall v. Roberts*, 17 Kan. App. 2d 34, 42, 831 P.2d 568 (1992).

Nor do access restrictions preclude the applicability of the recreational use exception where government property is used for public recreation. In this case, access to the golf course is apparently restricted to those who pay a user's fee. In *Gonzales v. Board of Shawnee County Comm'rs*, 247 Kan. 423, 799 P.2d 491 (1990), the court concluded that 75-6104(o) provided immunity from liability for a drowning that occurred at a swimming beach in a public park. Shawnee County charged a fee to users of the beach. The appellants in *Gonzales* argued that the recreational use exception did not apply when the governmental entity being sued charged an admittance fee. 247 Kan. at 427. The court rejected this assertion:

"The statute makes no distinction between public property open to the public free of charge and public property which requires an admission fee for use. The attempt here to defeat governmental immunity based upon an admission fee/revenue generating activity distinction is unsuccessful. If any future liability for ordinary negligence is to be created by such a distinction, it must originate with the legislature." 247 Kan. at 428.

Gruhin requests that this court reconsider the decision reached in *Gonzales*. Gruhin's request ignores the fact that *Gonzales* is a Kansas Supreme Court opinion. "This court is duty bound to follow the law as established by Kansas Supreme Court decisions, absent some indication the Supreme Court is departing from its previously expressed position." *Batt v. Globe Engineering Co.*, 13 Kan. App. 2d 500, 507-08, 774 P.2d 371, *rev. denied* 245 Kan. 782 (1989). Gruhin's argument that the user's fee disqualifies the City from immunity under K.S.A. 1991 Supp. 75-6104(o) is without merit. The recreational use exception is applicable to municipally owned golf courses which maintain use restrictions and charge fees. Therefore, the district court did not err in concluding that K.S.A. 1991 Supp. 75-6104(o) provided the City with immunity from liability in this case.

Gruhin contends that summary judgment was improper because the City was aware of the hole on the golf course and the danger that it posed. According to Gruhin, the City's failure to repair this defect or take reasonable steps to warn the public about it created a question of fact as to whether the City was guilty of gross and wanton negligence.

The recreational use exception to the KTCA will not provide a governmental entity with immunity from liability for damages resulting from gross and wanton negligence. K.S.A. 1991 Supp. 75-6104(o). A wanton act is something more than ordinary negligence but less than a willful act. It indicates a realization of the imminence of danger and a reckless disregard and indifference for the consequences. Acts of omission can be wanton since reckless disregard and indifference are characterized by failure to act when action is necessary to prevent injury. *Cerretti v. Flint Hills Rural Electric Co-op Ass'n*, 251 Kan. 347, Syl. ¶ 8, 837 P.2d 330 (1992). See also *Boaldin v. University of Kansas*, 242 Kan. 288, Syl. ¶ 2, 747 P.2d 811 (1987) (a wanton act indicates a realization of the imminence of danger and a reckless disregard or a complete indifference or an unconcern for the probable consequences of the wrongful act).

The rules governing the applicability of summary judgment were discussed in the recent case of *Commerce Bank of St. Joseph v. State*, 251 Kan. 207, 208-09, 833 P.2d 996 (1992):

"Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. When a summary judgment is challenged on appeal, an appellate court must read the record in the light most favorable to the party who defended against the motion for summary judgment."

As a general rule, the presence or absence of negligence in any degree is not subject to determination by the court on summary judgment, for such a determination should be left to the trier of fact. Only when reasonable persons could not reach differing conclusions from the same evidence may the issue be decided as a question of law. *Smith v. Union Pacific Railroad Co.*, 222 Kan. 303, 306, 564 P.2d 514 (1977).

A review of the record in the light most favorable to Gruhin suggests that summary judgment was inappropriate in this case. Employees of the golf club had knowledge of a prior accident occurring at the same location where Gruhin received his injuries. Although an employee of the club used chalk lines to mark the area around the hole where Gruhin was injured, club employees took no other steps to protect golfers from this dangerous con-

dition on the course. Evidence presented by Gruhin in district court suggests that the chalk lines around the hole were nearly imperceptible at the time he was injured. Given these facts, one could not conclude that the golf club exhibited a complete indifference to the existence of the hole on the golf course. The facts do suggest, however, that reasonable minds could differ as to whether the preventative measure taken showed a reckless disregard for the danger posed by the hole.

The City relies upon *Boaldin v. University of Kansas*, 242 Kan. 288, and *Lee v. City of Fort Scott*, 238 Kan. 421, 710 P.2d 689 (1985), as support for its position that summary judgment was appropriate on the issue of wanton negligence. In *Boaldin*, the plaintiff was injured after sledding into some trees at the bottom of a hill on the University of Kansas campus. Though apparently aware that one student had previously been injured while sledding on the hill, university officials did not prohibit the activity, nor did they post warnings about sledding on the hill or pad the trees at the bottom of the hill. 242 Kan. at 293-94. The Supreme Court held that these facts were insufficient to establish gross and wanton negligence. 242 Kan. at 295.

In *Lee*, the plaintiffs sued the City of Fort Scott after their son died from injuries suffered when his motorcycle collided with steel cables strung between trees in a park. The City placed the cables around a golf course in the park to prevent people from driving vehicles onto the course. The City posted no signs warning of the presence of the cables. The cables posed no danger to those properly using the roadway in the park. No accidents involving the cables had been reported prior to the motorcycle accident. Based on these facts, the Supreme Court concluded that the City of Fort Scott did not act with gross or wanton negligence. 238 Kan. at 425.

*Boaldin* and *Lee* are factually distinguishable from the case before this court. The trees and steel cables in those cases were above ground and should have been easily observed. The parties who ran into those items did so because they chose to ignore the dangers of sledding and motorcycle riding near obvious hazards. In this case, the hole that was allegedly responsible for Gruhin's injury was below ground level and may not have been readily apparent. The hole was not on one of the fairways of

the golf course, but it was located in the rough on course property. It should not have been unforeseeable to golf club employees that golfers would be in the vicinity of this hazard. The evidence presented to the district court suggests that reasonable minds could differ as to whether the City employees displayed reckless disregard for a known danger. Therefore, summary judgment was inappropriate in this case.

Affirmed in part, and reversed and remanded for further proceedings on the issue of gross and wanton negligence.