(979 P.2d 151)

No. 79,524

LARRY JACKSON, JR., a minor by and through his Mother, Natural Guardian and Next Friend VIRGIE ESSIEN, and VIRGIE ESSIEN, Individually, *Appellants,* v. UNIFIED SCHOOL DISTRICT 259, SEDGWICK COUNTY, KANSAS, *Appellee.*

—

Opinion filed April 30, 1999.

*Kelly W. Johnston,* of Johnston Law Offices, P.A., of Wichita, for appellants.

*Robert G. Martin,* of McDonald, Tinker, Skaer, Quinn & Herrington, P.A., of Wichita, for appellee.

Before MARQUARDT, P.J., RULON, J., and WAHL, S.J.

MARQUARDT, J.: Larry Jackson, a student at Hamilton Middle School in Wichita, sustained a compound fracture of his right forearm while using a springboard in the school gymnasium.

The district court granted Unified School District 259's (school) motion for summary judgment. Jackson and his mother, Virgie Essien, (Jackson) appeal.

On December 7, 1994, after the required physical education class activities had concluded, the students asked Joseph Belden, the physical education teacher, for permission to use the springboard to touch the rim of the basketball goal. This was not a required activity. Even though students had been engaging in this activity in the gymnasium for approximately 20 years before Jackson's injury, no one had ever been injured. After his injury, Jackson sued the school for negligence, as well as gross and wanton negligence. The school filed a motion for summary judgment, claiming immunity under the Kansas Tort Claims Act (KTCA), K.S.A. 75-6101 *et seq.*, based on K.S.A. 75-6104(e) and (o). The district court granted the school's motion, focusing on the "recreational use" exception in subsection (o). By definition, school districts are covered under the KTCA. K.S.A. 75-6102(b).

The district court found that there was no genuine issue as to any material fact as contained in the parties' statement of facts. Summary judgment is appropriate when there is no genuine issue as to any material fact. *Saliba v. Union Pacific R.R. Co.*, 264 Kan. 128, Syl. ¶ 2, 955 P.2d 1189 (1998). Even though Jackson alleges that there were disputed material facts, his argument focuses on interpretation of the statute and he cites no facts that were in dispute. Summary judgment was appropriate. Interpretation of the statute remains an issue. "Interpretation of a statute is a question of law, and [an appellate] court's review is unlimited." *Hamilton v. State Farm Fire & Cas. Co.*, 263 Kan. 875, 879, 953 P.2d 1027 (1998).

K.S.A. 75-6104 states:

"A governmental entity or an employee acting within the scope of the employee's employment shall not be liable for damages resulting from:

. . . .

"(e)  any claim based upon the exercise of performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee, whether or not the discretion is abused and regardless of the level of discretion involved;

. . . .

"(o) any claim for injuries resulting from the use of any public property intended or permitted to be used as a park, playground or open area for recreational purposes, unless the governmental entity or an employee thereof is guilty of gross and wanton negligence proximately causing such injury."

Jackson argues that the governmental immunity exception in K.S.A. 75-6104(o) does not apply to his case because the school gymnasium is not "public property" used as a "park, playground or open area" for recreational purposes. The KTCA does not provide definitions for any of these terms.

Under the KTCA, governmental liability is the rule and immunity is the exception. *Lanning v. Anderson*, 22 Kan. App. 2d 474, 478, 921 P.2d 813, *rev. denied* 260 Kan. 994 (1996). In order to avoid liability for ordinary negligence, the governmental entity has the burden of proving that it falls within one of the enumerated exceptions in K.S.A. 75-6104. *Barber v. Williams*, 244 Kan. 318, 320, 767 P.2d 1284 (1989). Even though Jackson sued the school claiming gross and wanton negligence, he admitted during oral argument before this court that the actions of the school did not rise to the level of gross and wanton negligence. In addition, he did not brief the issue of gross and wanton negligence; therefore, that issue is not before this court.

First, Jackson argues that the school gymnasium is not public property because "public property" means a public place. Jackson contends that the gymnasium is not public because there are times when "[a]ll of the doors into the gymnasium are routinely locked to prevent the public from entering without permission."

The Kansas Supreme Court has held that a park remains "public property" even though "the public is excluded from the field while games are in progress; that the field may then be used only by those persons playing on the league teams; and that the field thus loses its public character and becomes semi-private." *Bonewell v. City of Derby*, 236 Kan. 589, 592, 693 P.2d 1179 (1984). In *Gruhin v. City of Overland Park*, 17 Kan. App. 2d 388, 390, 836 P.2d 1222 (1992), this court found that use restrictions, in the form of reservations and greens fees, do not change the nature of property from public to private. See also *Gonzales v. Board of Shawnee County Comm'rs*, 247 Kan. 423, 428, 799 P.2d 491 (1990) (public

property exists where users have to pay a fee before entering a swimming beach).

The statutory language does not require that a facility must be open to the public 100 percent of the time to qualify as public property. To hold that the gymnasium is not public property would require this court to add a limitation not included in the statute. Even though the school uses the gymnasium for classes, during which time the public does not have access, such restriction does not change the nature of the property from public to private. Thus, we hold that a school gymnasium is public property for purposes of K.S.A. 75-6104(o).

Jackson contends that the terms "park, playground or open area for recreational purposes" apply only to outdoor locations and do not include a gymnasium. Parks and playgrounds are commonly understood to be places out of doors. The question remains, is an "open area for recreational purposes" limited to recreation out of doors?

The only reported Kansas cases that have applied the recreational use exception involved activities that took place out of doors. See *Nichols v. U.S.D. No. 400*, 246 Kan. 93, 785 P.2d 986 (1990) (plaintiff injured while running from football practice field to locker room); *Boaldin v. University of Kansas*, 242 Kan. 288, 747 P.2d 811 (1987) (plaintiff injured while sledding on the Kansas University campus); *Lee v. City of Fort Scott*, 238 Kan. 421, 710 P.2d 689 (1985) (plaintiff fatally injured while riding a motorcycle on a golf course); and *Lanning v. Anderson*, 22 Kan. App. 2d 474 (plaintiff injured while standing on a field during track practice).

*Nichols* and *Lanning* applied 75-6104(o) to injuries occurring during a school activity or on school property. In both cases, the courts held that governmental immunity exists for any claim for negligently caused injuries whether the activity is supervised or unsupervised. *Nichols*, 246 Kan. at 95; *Lanning*, 22 Kan. App. 2d at 483. *Nichols* and *Lanning* involved extra-curricular activities; however, neither of the injuries took place in a gymnasium.

The statutory language does not limit its application to activities that take place outside. When a statute is plain on its face, the court must follow the intent of the legislature rather than deter-

mining what the law should be. *Nichols,* 246 Kan. at 95. From the language of the statute, we must assume that if the legislature intended to limit the exception to activities that take place outside, it would have done so. We hold that K.S.A. 75-6104(o) is not limited to activities that take place out of doors. Jackson's argument limiting the application of the statute to out-of-doors activities is without merit.

Jackson next argues that the gymnasium was not being used for recreational purposes at the time of his accident. Jackson was in the gymnasium for a physical education class. After the required physical education class activities had concluded, one of the students asked the teacher if they could use the springboard to touch the basketball goal. Jumping on the springboard was recreational.

Because the KTCA does not define the term "open area for recreational purposes," and looking at the courts' holdings in *Nichols* and *Lanning,* we hold that a school gymnasium falls within the definition of an open area for recreational purposes in K.S.A. 75-6104(o).

Even though there is no Kansas case on point, other jurisdictions have granted governmental immunity from liability to schools and school personnel where an injury was sustained during a physical education class. See *Truelove v. Wilson,* 159 Ga. App. 906, 285 S.E.2d 556 (1981); *Cody v. Southfield-Lathrup School District,* 25 Mich. App. 33, 181 N.W.2d 81 (1970); and *McDonell v. Brozo,* 285 Mich. 38, 280 N.W. 100 (1938).

Notwithstanding our holding on the application of K.S.A. 75-6104(o) to the facts of this case, K.S.A. 75-6104(e) provides immunity for discretionary functions of a governmental entity or employee acting within the scope of the employee's employment. In this case, the district court focused on the application of subsection (o) in its decision; however, the school argued in its motion for summary judgment that K.S.A. 75-6104(e) also grants them immunity. If the teacher's actions are discretionary, there is no liability for ordinary negligence.

Discretion, when applied to public functionaries, means "acting officially in certain circumstances, according to the dictates of their own judgment and conscience, uncontrolled by the judgment or

conscience of others." Black's Law Dictionary 466 (6th ed. 1990). In *Hopkins v. State*, 237 Kan. 601, 610, 702 P.2d 311 (1985), the Supreme Court held:

"Discretion implies the exercise of discriminating judgment within the bounds of reason. [Citation omitted.] It involves the choice of exercising of the will, of determination made between competing and sometimes conflicting considerations. Discretion imparts that a choice of action is determined, and that action should be taken with reason and good conscience in the interest of protecting the rights of all parties and serving the ends of justice."

Even if subsection (o) does not apply, "[t]he discretionary function exception is applicable . . . when no clearly defined mandatory duty or guideline exists which the government agency is required to follow." *Bolyard v. Kansas Dept. of SRS*, 259 Kan. 447, 452, 912 P.2d 729 (1996). There was no clearly defined mandatory duty or guideline for the teacher's actions in dealing with students in the physical education class. The teacher's decision on whether to allow the students to use the springboard required that he exercise discriminating judgment; therefore, his actions fall squarely within the exception in K.S.A. 75-6104(e). A school or a school employee exercising a discretionary function within the scope of the employee's employment is immune from liability for ordinary negligence if a student is injured and there is no clearly defined mandatory duty or guideline. K.S.A. 75-6104(e).

Jackson's final argument is that even if K.S.A. 75-6104(o) applies, the school district still had a duty to protect Jackson while he was on school property. This argument was considered and rejected in *Lanning*. The immunity provided for in K.S.A. 75-6104(o) relieves the school of liability where there is no gross and wanton negligence. Thus, Jackson's argument fails.

Affirmed.