The Honorable Melvin Minor State Representative, 114th District Route 2, Box 31 Stafford, Kansas 67578
Dear Representative Minor:
You inquire whether the Big Bend Groundwater Management District (GMD) is a governmental entity that is subject to the Kansas Tort Claims Act, K.S.A. 75-6101 et seq.
Your inquiry is important because the Kansas Tort Claims Act imposes liability on governmental entities for damages caused by employees while acting within the scope of their employment under circumstances where the governmental entity, if a private person, would be liable under the laws of this state.[1] The Act is open-ended, making governmental liability the rule and immunity the exception.[2] Whether an entity is subject to it depends on the entity's status as a governmental entity, defined by the Act to include the State or a municipality.[3] A municipality is defined as:
 "[A]ny county, township, city, school district or other political or taxing subdivision of this state, or any agency, authority, institution or other instrumentality thereof."[4]
A GMD is a body politic and corporate and has, among other powers, the power to sue and be sued, enter contracts, and acquire land and interests in land by gift, exchange, or eminent domain within the boundaries of the district.[5] Additionally, a GMD is authorized to assess an annual water user charge against every person who withdraws groundwater within the district. The assessment is collected in the same manner as any other tax and attaches to the real property as a lien in accordance with law.[6]
As a taxing subdivision of the State, Big Bend Groundwater Management District No. 5 is, in our opinion, a municipality and thus a governmental entity subject to the Kansas Tort Claims Act.[7]
Your next question is whether members of the board of directors, the manager and other employees of a GMD are considered to be state employees for purposes of the Kansas Tort Claims Act.
While the Act has the effect of waiving governmental immunity for the State of Kansas, the Act permits immunity for the State in certain instances and, more importantly, extends this immunity to employees acting within the scope of their employment in such instances.[8]
K.S.A. 75-6102(d) defines "employee" as:
 "[A]ny officer, employee or servant or any member of a board, commission or council of a governmental entity, including elected or appointed officials and persons acting on behalf or in service of a governmental entity in any official capacity, whether with or without compensation, but such term shall not include an independent contractor under contract with a governmental entity. The term `employee' shall include former employees for acts and omissions within the scope of their employment during their former employment with the governmental entity."
The board of directors and employees of a GMD come within the definition of employee because they act in the service of the State. The directors and employees perform functions which benefit the local geographical area and act as members of the collective effort to conserve the State's natural resources[9]
and are not independent contractors.[10]
In conclusion, it is our opinion that a GMD organized pursuant to K.S.A. 82a-1020 et seq. is a municipality of the State for purposes of the Kansas Tort Claims Act. Additionally, even though GMD directors and employees perform their duties locally, they act as members of a collective effort to accomplish a state program and are therefore to be considered state employees for purposes of the Kansas Tort Claims Act.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Guen Easley Assistant Attorney General
CJS:JLM:GE:jm
[1] K.S.A. 75-6103.
[2] Nichols v. U.S.D. No. 400, 246 Kan. 93, 94 (1990).
[3] K.S.A. 75-6102(c).
[4] K.S.A. 75-6102(b).
[5] K.S.A. 82a-1028.
[6] K.S.A. 79-1804.
[7] See Dougan V. Rossville Drainage District, 243 Kan. 315,318 (1988), (the power to tax and contract are governmental in nature and support the finding that the entity is a govenrmental entity for purposes of the Kansas Tort Claims Act.)
[8] K.S.A. 75-6104.
[9] K.S.A. 82a-1020; see generally K.S.A. 82a-1028.
[10] Bonewell v. City of Derby, 236 Kan. 589 (1985).