(878 P.2d 845)
No. 70,617

STATE OF KANSAS, *Appellee*, v. HERBERT JONES, *Appellant*.
Petition for review denied 255 Kan. 1005 (1994).

Opinion filed August 5, 1994.

*Jean K. Gilles Phillips*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Doyle Baker*, assistant district attorney, *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before ELLIOTT, P.J., BRAZIL, J., and RICHARD W. WAHL, District Judge Retired, assigned.

BRAZIL, J.: Herbert Jones, incarcerated for possession of cocaine with intent to sell, appeals from the district court's denial of his motion requesting conversion of his sentence under the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 1993 Supp. 21-4701 *et seq.* We affirm.

Jones alleges the exclusion of certain offenders from retroactive application of the KSGA has no rational relationship to the purposes behind K.S.A. 1993 Supp. 21-4724, the retroactivity clause of the KSGA. He contends the only motive behind limiting retroactive application of the KSGA is the desire to harm an unpopular group for political gain, which is unconstitutional. *Chiles v. State*, 254 Kan. 888, 869 P.2d 707 (1994), controls this case.

In *Chiles*, the court held that the limited retroactivity portion of the KSGA is constitutional. 254 Kan. at 903. It found the legislature intended to reduce prison overcrowding while protecting public safety by creating a distinction between more serious and less serious offenders. This was rational, reasonable, and related to a legitimate State interest. Therefore, the provision was not a violation of the Equal Protection or Due Process Clauses of the United States Constitution. 254 Kan. at 901, 903.

At oral argument, Jones contended *Chiles* could be distinguished from this case because *Chiles* involved violent, dangerous offenses as opposed to drug offenses, which have been held to be not inherently dangerous by our Supreme Court. *State v. Wesson*, 247 Kan. 639, 645, 802 P.2d 574 (1990), *cert. denied* 115 L.Ed.2d 1032 (1991). We disagree.

In *Chiles*, the court repeatedly referred to the statutory classification under KSGA as "more serious versus less serious offenses" rather than "violent versus nonviolent offenses." We believe that the term serious offenses includes more than violent or dangerous offenses. Further, in *Chiles*, the court referred to the statutory classification as a distinction between more serious and less serious offenders. 254 Kan. at 903. It therefore follows that a relatively less serious offense combined with a more serious criminal history could also mean that an inmate is a serious offender and could legitimately be denied the retroactive application of the KSGA.

As the court in *Chiles* noted, the limited retroactivity provision is not without precedent:

" 'Beginning in 1984, persons without a prior felony conviction who were convicted of a class E felony were entitled to presumptive probation "unless the conviction is of a crime specified in article 34, 35 or 36 of chapter 21 of the Kansas Statutes Annotated." [Citations omitted.] In 1989, the statute was amended to allow for presumptive probation for first-time felons con-

victed of class D felonies or an attempt to commit a class D felony, but again chapter 34, 35 or 36 crimes were excepted from the provision *and felony drug crimes were also excepted.* [Citation omitted.] The crimes listed in chapter 34, 35 and 36 generally involve serious crimes against persons, such as murder or attempts or conspiracies to commit murder, sex crimes, other crimes committed against persons which involve the use of force, and crimes against family members. These [and we would add drug offenses] are generally the same crimes excepted from retroactivity under the sentencing guidelines. The legislature's decision to prevent persons convicted of these serious crimes from being granted probation is strong evidence of the compelling state interest in public safety.' " 254 Kan. at 898-99.

This court is duty bound to follow Kansas Supreme Court precedent, absent some indication the court is departing from that precedent. *Gruhin v. City of Overland Park,* 17 Kan. App. 2d 388, 391, 836 P.2d 1222 (1992). There is no indication the Kansas Supreme Court has decided to depart from *Chiles;* therefore, this court is duty bound to follow it and affirm the district court.

Affirmed.