(894 P.2d 202)

No. 71,538

STATE OF KANSAS, *Appellee*, v. RITO MEJIA, JR., *Appellant.*

Opinion filed April 14, 1995.

*Stephen C. Moss*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Joe E. Lee*, assistant county attorney, *Rodney H. Symmonds*, county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before PIERRON, P.J., LEWIS, J., and CAROL BACON, District Judge, assigned.

LEWIS, J.: Defendant was convicted of possession of cocaine with intent to sell, possession of cocaine without a tax stamp, and obstruction of official duty. His sentences were enhanced under the Kansas Habitual Criminal Act, and he is presently serving concurrent terms of 8 to 30 years, 7 years, and 3 to 7 years for the crimes described above. This appeal involves the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 1994 Supp. 20-4701 *et seq.*

On August 13, 1993, the Kansas Department of Corrections (DOC) issued its notification of findings to defendant. By that notification, defendant was advised that his drug conviction was a severity level 3 conviction and, as a result, he was ineligible for retroactive application of the KSGA.

On September 27, 1993, defendant filed a "Motion for Hearing Regarding Conversion of Sentence under Kansas Sentencing Guidelines Act." This motion was denied without a hearing. On October 15, 1993, the trial court denied defendant's motion to alter or amend its ruling. On November 2, 1993, defendant filed his notice of appeal.

## JURISDICTION

The first issue we must resolve is whether we have jurisdiction. We advised the parties that jurisdiction was an issue by the following order:

"It appears that a request for hearing may be filed only after issuance of a Department of Corrections report and not a notification of findings. See K.S.A. 1993 Supp. 21-4724(c)(1). In addition, even if the defendant is allowed to file a request for hearing, it appears that the request in the present case was not filed within 30 days after issuance of the notification of findings and is untimely. See K.S.A. 1993 Supp. 21-472[4](d)(1)."

There is no question in this case that the appeal *was not* filed within 30 days after issuance of the notification of findings. If defendant's only avenue of appeal was to appeal from the notification of findings, his appeal is untimely, and we have no jurisdiction.

The trial court in this case concluded it also had no jurisdiction to hear an attack against the KSGA because the statute does not give a defendant the right to attack a notification of findings.

K.S.A. 1994 Supp. 21-4724 does not provide any procedure for objecting to an offense severity classification contained within a DOC notification of findings. The statute does provide a procedure to object to a criminal history classification contained in a DOC guidelines report. See K.S.A. 1994 Supp. 21-4724(c)(1).

The inmate finds himself in a classic "Catch 22" situation. The statute discussed above *does not require* the DOC to prepare a sentencing guidelines report on an inmate whose conviction se-

verity level is such that retroactivity under the KSGA does not apply.

This is the precise situation in which we find defendant. He was convicted of possession of cocaine with intent to sell. This is a severity level 3 conviction and, under the Act, defendant is not eligible for retroactive application of the sentencing guidelines.

Because his conviction was a severity level 3 conviction, defendant will not receive and DOC will not prepare a sentencing guidelines report. The determination of defendant's status under the KSGA is fixed by the notification of findings, and defendant has no statutory right to attack those findings. The notification of findings places his conviction at a severity level 3, and he has no right, under the Act, to attack that notification. Because of that notification, no other reports will be prepared. Does this leave defendant without a remedy to a notification of findings report with which he does not agree? We conclude that it does not. We are not inclined to deny an inmate access to the courts to challenge his or her severity level classification. If that classification is incorrect for some reason, then an inmate might be required to serve an illegal or incorrect sentence with no remedy available to challenge that illegality. We do not believe that such a situation should exist.

We hold that an inmate may challenge his or her conviction severity level classification as set forth in the notification of findings by filing a motion pursuant to K.S.A. 60-1507. Under 60-1507, an inmate may challenge his or her conviction or sentence. The petitioner may challenge the mode or condition of his or her conditions of confinement, including administrative actions of the penal institution under the provisions of K.S.A. 60-1501. A 60-1507 petition is properly filed in the sentencing court, while a 60-1501 petition is properly filed in the county of confinement. *Safarik v. Bruce*, 20 Kan. App. 2d 61, 66-67, 883 P.2d 1211 (1994).

In *Safarik*, we discussed the method by which an inmate could challenge the DOC's failure to issue a sentencing guidelines report and the determination that the inmate was not eligible for conversion of sentence under the guidelines.

"If KDOC failed to comply with the sentencing guidelines statutory mandate, such is an administrative act restraining petitioner's liberty interest in having a sentencing guidelines report transmitted to the sentencing court. Such action is reviewable in the county of petitioner's confinement through a petition seeking a writ of mandamus. The determination of petitioner's criminal history classification and crime severity level, however, is a sentencing matter within the jurisdiction of the sentencing court under both K.S.A. 60-1507 and the Sentencing Guidelines Act." 20 Kan. App. 2d at 67.

Circumstances shown in the instant matter are not the same as those shown in *Safarik*. However, we believe that the rationale is similar. The defendant in this case is not claiming that DOC failed to review his sentence. He is challenging its determination that his conviction for possession of cocaine with intent to sell is a severity level 3 felony on the drug offense grid. This determination excludes him from that pool of inmates entitled to receive a sentencing guidelines report and excludes him from eligibility for retroactive application of the sentencing guidelines. The fact is, either defendant is eligible for conversion of his sentence or he is not eligible. The determination of which of those two alternatives applies can only be determined by the sentencing court. The sentencing court would have jurisdiction to consider this challenge under K.S.A. 60-1507.

By proceeding with a petition pursuant to K.S.A. 60-1507, defendant can seek and obtain judicial review of the severity level classification of his sentence by the DOC. We conclude that under the KSGA, there is no such right to a review of a notification of findings and that resort to K.S.A. 60-1507 must be sought.

We recognize that in this case defendant's pleadings are not styled as a 1507 petition. This may not be technically correct. However, we have said that Kansas courts will look past the form of an action to its substance in situations where circumstances show K.S.A. 60-1507 would provide the appropriate remedy. See *State v. Logan*, 9 Kan. App. 2d 353, 354, 678 P.2d 181, *aff'd as modified* 236 Kan. 79, 689 P.2d 778 (1984); *Barr v. State*, 8 Kan. App. 2d 173, 651 P.2d 975, *rev. denied* 232 Kan. 875 (1982).

We conclude that the trial court should have construed defendant's petition as a petition pursuant to K.S.A. 60-1507. Ac-

cordingly, we hold that the trial court erred in concluding that it had no jurisdiction.

Although the trial court did err in concluding it did not have jurisdiction, we hold that it was not reversible error. Defendant is not entitled to relief on the merits of his argument. Defendant does not argue that the DOC made an incorrect determination of his severity level classification. Rather, defendant argues that his exclusion from the retroactivity operation of the KSGA violates his Fifth Amendment right to equal protection of the laws under the Constitution.

The merits of the argument defendant raised before the trial court have been decided against defendant by *Chiles v. State*, 254 Kan. 888, 869 P.2d 707, *cert. denied* 115 S. Ct. 149 (1994), and *State v. Jones*, 19 Kan. App. 2d 913, 878 P.2d 845, *rev. denied* 255 Kan. 1005 (1994). Those cases have determined that the limited retroactivity provisions of the KSGA are not unconstitutional or violative of the Equal Protection Clause.

Defendant acknowledges *Chiles* but contends it was wrongfully decided. He asks this court to overrule *Chiles*. We are duty bound to follow the laws established by the Kansas Supreme Court decisions, absent some indication the Supreme Court is departing from its previously expressed position. *Gruhin v. City of Overland Park*, 17 Kan. App. 2d 388, 391, 836 P.2d 1222 (1992). There is no indication the Supreme Court is departing from the position announced in *Chiles*. Because of the *Chiles* and *Jones* decisions, the motion, files, and records of this case conclusively show that defendant is entitled to no relief. "When the trial court reaches the correct result based upon the wrong reason, this court will affirm the trial court." *Cabral v. State*, 19 Kan. App. 2d 456, Syl. ¶ 9, 871 P.2d 1285, *rev. denied* 255 Kan. 1000 (1994).

In summary, we hold as follows: (1) The KSGA provides no method whereby an inmate may challenge the notification of findings issued by the DOC when the DOC concludes that because of the severity level of the inmate's conviction, he or she is not entitled to retroactive application of the KSGA. (2) An inmate may challenge his or her exclusion from the retroactivity pool under the KSGA by filing an action pursuant to K.S.A. 60-1507

in the sentencing court. (3) The trial court should look past form to substance and construe an inmate's pleading as a 60-1507 petition where circumstances show that 60-1507 is the appropriate remedy. (4) The trial court erred in this case in holding it had no jurisdiction to hear defendant's challenge to his exclusion under the Kansas Sentencing Guidelines retroactivity pool. The petition should have been construed as filed pursuant to K.S.A. 60-1507. (5) In this case, defendant's only challenge to his exclusion from the retroactivity pool of the Kansas Sentencing Guidelines was based upon a violation of his right to equal protection of the laws. The issues raised by defendant in this regard were decided adversely to him in *Chiles v. State* and *Jones v. State*, as previously cited, and this court adheres to those decisions. (6) The files and records of this action show conclusively that defendant was not entitled to any relief. For that reason, the trial court is affirmed as having been right for the wrong reasons.

Affirmed.