NOT DESIGNATED FOR PUBLICATION

No. 114,693

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ELTON YOUNG,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Geary District Court; BENJAMIN J. SEXTON, judge. Opinion filed January 13, 2017.
Affirmed.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Steven L. Opat*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., GREEN, J., and WILLIAM S. WOOLLEY, District Judge, assigned.

*Per Curiam*:  Elton Young appeals from the trial court's summary denial of his K.S.A. 60-1507 motion. He alleges that his conviction was void because he was not provided effective assistance of counsel at his underlying criminal trial. Young specifically argues that the trial court erred in denying him an evidentiary hearing on his motion. Young was originally convicted in 2002 of attempted first-degree murder, aggravated battery, and criminal possession of a firearm. Young filed the present motion in 2015. The trial court summarily denied his motion as untimely and successive. Young argues on appeal that he has shown manifest injustice such that he should be excused from complying with the time limitations in K.S.A. 60-1507(f). Young argues that his

1

trial counsel's performance was deficient when counsel failed to discredit witnesses, failed to educate the jury about "estimator variables" (factors that affect witness credibility and accuracy of witness perceptions), failed to file a departure motion at sentencing, and failed to conduct an independent ballistics test. Young also argues that he was wrongly convicted because of erroneous jury instructions. Despite his arguments, Young has failed to prove manifest injustice or exceptional circumstances that would warrant excusing the untimely and successive nature of his K.S.A. 60-1507 motion. Accordingly, we affirm the trial court's summary denial of his motion.

The initial criminal charges against Young stemmed from an altercation at a gas station in the early morning hours of November 17, 2001. The complaint/information alleged that Young attempted to murder two individuals with a 9-millimeter handgun. Young was ultimately convicted by a jury on April 17, 2002, of one count of attempted first-degree murder, aggravated battery, and criminal possession of a firearm. On April 30, 2002, Young was sentenced to 586 months for attempted first-degree murder, 41 months for aggravated battery, and 8 months for criminal possession of a firearm to run concurrently with the attempted first-degree murder sentence.

On direct appeal, Young argued that his convictions were not supported by sufficient evidence and that his convictions were so inconsistent that he should be granted a new trial. Young's convictions were affirmed on direct appeal by this court. See *State v. Young*, No. 89,513, 2004 WL 90047 (Kan. App. 2004) (unpublished opinion).

After that, on October 28, 2004, Young moved to correct an illegal sentence under K.S.A. 22-3504(1). Young argued that the "Second Amended Complaint/Information that was filed February 8, 2002, [was] Jurisdictionally and Fatally Defective . . . ." Additionally, Young argued that one of the jury instructions was also "Jurisdictionally and Fatally Defective and 'Void' . . . ." On December 16, 2004, the trial court summarily denied Young's motion for correction of an illegal sentence. Young appealed the denial.

2

On appeal, Young argued that he should have been present for the December 16, 2004, hearing. This court affirmed the trial court's denial of Young's motion to correct an illegal sentence. See *State v. Young*, No. 94,222, 2006 WL 1902636 (Kan. App. 2006) (unpublished opinion). In affirming the trial court's decision, this court stated the following, which is relevant to Young's current appeal:

> "Although Young raised the defective complaint issue in a motion to correct an illegal sentence, we 'look past the form of an action to its substance in situations where circumstances show K.S.A. 60-1507 would provide the appropriate remedy. [Citations omitted.]' *State v. Mejia*, 20 Kan. App. 2d 890, 893, 894 P.2d 202 (1995). Here Young's motion is in reality a request for relief pursuant to K.S.A. 60-1507.

> "Young could have raised his claim of a defective complaint and errors in the instructions in his direct appeal, but he failed to do so. A proceeding under K.S.A. 60-1507 cannot be used as a substitute for a second appeal absent a showing that the trial error affected constitutional rights and showing of exceptional circumstances. Supreme Court Rule 183(c)(3) (Kan. Ct. R. Annot. 228); see *Bruner v. State*, 277 Kan. 603, 607, 88 P.3d 214 (2004). Young fails to state any exceptional circumstances as to why he could not have raised this claim on direct appeal." *Young*, 2006 WL 1902636, at *1.

On February 25, 2015, Young filed his current K.S.A. 60-1507 motion. In this motion, Young argued that he was denied his constitutional right to effective assistance of counsel and that improper jury instructions were given. On June 12, 2015, a status hearing was held on Young's K.S.A. 60-1507 motion. Young asked for a continuance at the status hearing, but his request was denied. On June 23, 2015, the trial court summarily denied Young's K.S.A. 60-1507 motion. The trial court made the following findings:

> "The Court finds that Elton Young was convicted in Geary County District Court Case No. 01 CR 1680 of attempted first degree murder, aggravated battery and criminal possession of a firearm, and sentenced to 586 months at KDOC on May 20, 2002;

3

"That Young appealed the verdict and his appeal was denied on May 16, 2004 in case number 89,513;

"That Young filed a 'Motion to Correct an Illegal Sentence pursuant to K.S.A. 22-3504' which was denied in Geary County District Court, and on appeal the Court of Appeals viewed the motion as an action pursuant to K.S.A. 60-1507, denying relief and affirming the district court in Case No. 94,222 on July 6, 2006;

"That Young has now filed, almost ten (10) years later, a motion requesting relief under K.S.A. 60-1507, alleging manifest injustice as the bases for filing such motion beyond the limits of K.S.A. 60-1507(f)(2);

"That the burden is on Young to establish such and that he has failed to do so, based upon a review of the totality of factors required to prove manifest injustice, at this juncture, more than ten (10) years after his convictions;

"That Young's motion is likewise a successive motion as defined in Rule 183(d) and Young has not established any exceptional circumstances as to why he has delayed in an attempt to address the issues he now untimely raises."

Before addressing Young's claim, we note that Young's K.S.A. 60-1507 motion was originally based on a claim of ineffective assistance of counsel *and* a claim regarding improper jury instructions. Yet, on appeal, Young has failed to argue his claim regarding improper jury instructions. It is well settled that an issue an appellant fails to brief is deemed waived or abandoned. *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016); *Superior Boiler Works, Inc. v. Kimball*, 292 Kan. 885, 889, 259 P.3d 676 (2011). Accordingly, we determine that Young has abandoned his improper jury instructions claim. Thus, we will not address the jury instructions claim any further. For this reason, we will proceed as though Young's K.S.A. 60-1507 motion was based solely on a claim of ineffective assistance of counsel.

*Did the Trial Court Err in Summarily Denying Young's K.S.A. 60-1507 Motion as Untimely and Successive?*

On June 12, 2015, the trial court held a preliminary hearing on Young's K.S.A. 60-1507 motion. The trial court then denied Young's K.S.A. 60-1507 motion as untimely and successive. When a trial court denies a K.S.A. 60-1507 motion based on the motions, files, and records after a preliminary hearing, an appellate court will review the merits of the movant's claim using a de novo standard. *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014). Young argues that the trial court erred in denying his K.S.A. 60-1507 motion as untimely and successive.

*a. Whether Young Sufficiently Proved Manifest Injustice*

Young contends that "[t]he immediate issue for this [court] is whether or not [he] demonstrated 'manifest injustice' to a degree sufficient to excuse his filing the petition past the time limitations contained in K.S.A. 60-1507(f). . . ." In arguing this, Young does not dispute that his motion was untimely. In fact, Young's present K.S.A. 60-1507 motion was filed nearly 10 years after his last appeal was rejected. See *Young*, 2006 WL 1902636. Instead, Young argues that he should be excused from the time limitations for filing his K.S.A. 60-1507 motion because "it would be manifestly unjust to deny him a fair hearing on the merits of his petition" when his claim of ineffective assistance of counsel presents triable issues of fact and substantial questions of law.

K.S.A. 60-1507(f)(1)(i) states "[a]ny action under this section must be brought within one year of . . . [t]he final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction . . . ." The time limitation "may be extended by the court only to prevent a manifest injustice." K.S.A. 60-1507(f)(2). "Manifest injustice" has not been defined in the context of K.S.A. 60-1507(f)(2), but our court has taken the term in other contexts to mean "obviously

5

unfair" or "shocking to the conscience." *Ludlow v. State*, 37 Kan. App. 2d 676, 686, 157 P.3d 631 (2007).

In conducting a manifest injustice inquiry, courts will consider the totality of the circumstances. *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014). The court should consider

"whether (1) the movant provides persuasive reasons or circumstances that prevented him or her from filing the 60-1507 motion within the 1-year time limitation; (2) the merits of the movant's claim raise substantial issues of law or fact deserving of the district court's consideration; and (3) the movant sets forth a colorable claim of actual innocence, *i.e.,* factual, not legal, innocence." *Vontress*, 299 Kan. at 616. The factors need not be afforded equal weight, but no one factor is dispositive. *Vontress*, 299 Kan. at 616. The movant has the burden of proving manifest injustice. *State v. Kelly*, 291 Kan. 868, 873, 248 P.3d 1282 (2011).

*Persuasive Reasons for Delay*

Beginning with the first factor, Young fails to provide persuasive reasons or circumstances that prevented him from filing his motion within the 1-year time limitation. In fact, Young's brief fails to present any reasons for delay. In Young's K.S.A. 60-1507 motion, he claims that his "direct appeal attorney never told/explained to [him] anything about there being a 'one year new law' to file a K.S.A. 60-1507 Habeas Corpus, after the opinion of the Direct Appeal has been filed." Young also claims in his motion that the reason that he had not presented his arguments earlier was because the "[a]rguments were not ripe yet."

Young fails to expand on why his arguments were not ripe when his direct appeal was initiated or even when his motion to correct an illegal sentence was filed, which this court treated as a K.S.A. 60-1507 motion. See *Young*, 2006 WL 1902636, *et al*.

6

Our Supreme Court has held that

"a movant's failure to address other reasons why imposition of the 1-year time limitation is a manifest injustice is not necessarily fatal to the movant's claim. But because the burden is on the movant . . . failing to plead excuses for the filing delay may result in a greater risk that the movant's claim will be dismissed as untimely." *Vontress*, 299 Kan. at 617.

Young did not completely fail to provide excuses for his delay, but the excuses Young offered do not prove persuasive. Thus, in failing to provide adequate reasons or circumstances that excuse his delay in filing his K.S.A. 60-1507 motion, the first *Vontress* factor weighs against Young.

*Whether the Merits Raise Substantial Issues of Law or Fact*

Moving to the second factor, we must determine whether the merits of Young's claim raised substantial issues of law or fact deserving of the trial court's consideration. Young bases his K.S.A. 60-1507 motion on a claim of ineffective assistance of trial counsel. Young spends the bulk of his short brief on this issue. This court has said that "[t]he second factor requires [the court] to scan . . . claims for habeas corpus relief to see if they have some facial merit without actually deciding them." *White v. State*, No. 114,284, 2016 WL 3202889, at *4 (Kan. App. 2016) (unpublished opinion).

But "[b]ecause the movant bears the burden of showing manifest injustice, the movant must provide sufficient argument in his or her appellate brief for this court to consider whether claims raised in the movant's motion are meritorious. [Citation omitted]." *Davis v. State*, No. 112,294, 2016 WL 368002, at *3 (Kan. App. 2016) (unpublished opinion). This court has held that it is not proper for the court to make arguments for defendants who fail to argue for themselves. *State v. Kebert*, No. 112,287, 2015 WL 5458562, at *2 (Kan. App. 2015) (unpublished opinion).

7

Young does much explaining of the general rules and caselaw relating to a claim of ineffective assistance of counsel. Young fails, however, to provide ample support for his specific claims. In his brief, "Young claims that he is actually innocent, and that his counsel failed to utilize a 'mistaken identity' defense, failed to adequately impeach State's witnesses, failed to pursue the eyewitness identification procedures, and failed to pursue a lesser sentence by filing a departure motion." Young also asserts that his trial counsel was deficient in failing to conduct "an independent ballistics test to determine if all shell casings recovered at the scene were fired from the same gun."

Still, Young fails to do more than make conclusory statements. This is especially troubling after Young acknowledges that "[h]e must make more than conclusory statements and must state an evidentiary basis for the petition." Young fails to build upon the statements to show manifest injustice. Young makes no mention of *Vontress* in his brief, despite stating that "[t]he immediate issue for this panel is whether or not Mr. Young demonstrated 'manifest injustice' to a degree sufficient to excuse his filing the petition past the time limitations contained in K.S.A. 60-1507(f) . . . ." In *Vontress*, our Supreme Court laid out exactly what a movant must show in proving manifest injustice. To fail to argue the *Vontress* factors in a case that centers on whether a movant has shown manifest injustice is a near fatal flaw.

Moreover, and possibly most importantly, instead of making a detailed argument relating to his claim, Young makes an argument that is similar to one our Supreme Court rejected outright in *Vontress*. There, the defendant argued "that a [K.S.A.] 60-1507 motion [was] the only avenue by which his constitutional claims [could] be considered, and manifest injustice necessarily occurs when the merits of a movant's time-barred claim will never be considered by a court." *Vontress*, 299 Kan. at 618. In response, our Supreme Court stated:

"While the merits are relevant under the totality of the circumstances inquiry, we reject the notion simply time barring their consideration establishes manifest injustice per se. As the Court of Appeals correctly observed in *Toney*, accepting this argument would 'render the 1-year time limitation under K.S.A. 60-1507(f)(1) essentially meaningless.' [Citation omitted.] The time limitation in subsection (f)(1) necessarily prevents the consideration of the merits in some circumstances, *i.e.*, when there is no manifest injustice. To hold otherwise would effectively make meaningless the statute's time limit. [Citations omitted.]" *Vontress*, 299 Kan. at 618.

In its holding, our Supreme Court adopted a principle from one of our cases, *Toney v. State*, 39 Kan. App. 2d 944, 187 P.3d 122 (Kan. App. 2008). In *Toney*, this court understood that if it accepted the movant's argument that manifest injustice would occur if it did not remand for an evidentiary hearing, "we would have to remand for an evidentiary hearing every time the trial court dismisse[d] a K.S.A. 60-1507 motion as untimely." *Toney*, 39 Kan. App. 2d at 947. Denying a motion as untimely would then be meaningless.

In his brief, Young states that "[t]he question . . . is whether or not Mr. Young presented triable issues of fact and substantial questions of law; if he has done so, then he argues it would be manifestly unjust to deny him a fair hearing on the merits of his petition." Young does not expand on this argument. Young simply maintains that he has met his burden of proving manifest injustice because denying him the opportunity to have his claim heard at an evidentiary hearing would be manifestly unjust. What Young begs in this statement is the assumption that if his claim is not heard, this would be manifestly unjust. That is something that Young ought to prove. Thus, his argument assumes just what he needs to prove.

Moreover, this argument was rejected in *Vontress* and in *Toney*, and we reject it now. Thus, the second *Vontress* factor weighs against Young.

9

*Colorable Claim of Innocence*

The third factor to be considered is whether Young has advanced a colorable claim of innocence. In this consideration, actual innocence means factual, and not legal, innocence. *Vontress*, 299 Kan. at 616.

Young maintains his actual innocence, claiming that his conviction was the result of mistaken identity. Considering the eyewitness testimony relating to the identification of Young as the shooter, Young faces a tall order in attempting to show that his conviction was a result of mistaken identity. Young states in his brief that "had the trial court ordered an evidentiary hearing, Young's case would have centered on the failure to cast doubt upon the eyewitness testimony and any inconsistencies in the testimony." This court has already ruled once that "[a]lthough there were some discrepancies in testimony, there [was] clearly sufficient competent evidence to enable the jury to have found the defendant guilty as charged." *Young*, 2004 WL 90047, at *2. While Young is not challenging the sufficiency of the evidence in the present motion, he is challenging the identification of himself as the shooter. Implicitly, by holding that Young's conviction was supported by sufficient competent evidence, this court has already ruled that it sees no defect in the identification of Young as the shooter.

Young's trial counsel attempted to discredit the testimonies of four individuals who identified Young in court as the shooter. All four of those individuals identified Young as the shooter before trial as well. There was another individual who identified Young before trial as the shooter. A police officer with the Junction City Police Department testified to the following regarding the procedure of the identification of Young as the shooter:

"A. Later on in the evening, all four of the [witnesses] that I spoke with were taken to the police department where they were seated in separate rooms. Each one of them was given a photo mug book containing black male subjects.

"Q. When you give someone a mug book in an attempt to make an identification, do you sit there with them, or just let them look through it?

"A. [I]n this particular instance, I didn't have a lot of time to sit with all of them. We had several witnesses and other things going on. They were each given a book at that time, and told if they found somebody that they saw that they believed to be the suspect, to make a note of it and get with one of us."

The mug book that the witnesses were given contained 312 photographs of male individuals. Some of the witnesses looked at more than one book. Witness one identified the man in photo number 300 in book 16 as the shooter. Witness two identified the man in photo number 300 in book 16 as the shooter. Witness three also identified the man in photo number 300 in book 16 as the shooter. Young was, in fact, the man in photo number 300 in book 16.

The final witness identified Young as the man who shot him. That witness identified Young from the same mug book, but he was only shown the page that contained Young's photo. The page contained a total of 8 photographs of suspects. The witness was not given the opportunity to examine the full mug book because he was being treated for nine gunshot wounds. That witness further testified at trial to the following events:

"A. I saw some guy come running down the alley. And then I was trying to cover my face. The man, that guy, was at this point blank range, shooting me.

"Q. Okay. And you said 'that guy.' Who are you referring to?

11

"A. The man right here in the black suit.

"Q. Okay.

"MR. BIGGS: Let the record reflect he's identified [Young].

"Q. (By Mr. Biggs) And you say that guy was at this point blank range. Where was he standing in relation to you?

"A. Like, almost face-to-face; but I was laying on the ground.

"Q. All right. And did you see his face?

"A. Yes, I did."

In an attempt to discredit the State's witnesses, Young's trial counsel cross-examined them. Young's trial counsel also presented two witnesses on Young's behalf who testified that Young was not the shooter. In sum, the record shows that Young's trial counsel did not fail in discrediting the State's witnesses for lack of trying. Young's brief does little to advance his theory that his conviction was the result of mistaken identity. In failing to support his claim of innocence with substantial facts, Young has failed to present factual information that suggests someone else was responsible for his crimes. Thus, the third *Vontress* factor weighs against Young.

In conclusion, all three of the *Vontress* factors weigh against Young. Young filed his K.S.A. 60-1507 motion in February of 2015, clearly outside the 1-year limitation in K.S.A. 60-1507(f). Young's convictions were affirmed on direct appeal in 2004, and his posttrial motion for relief was denied in 2006. Young has failed to present persuasive reasons for this delay. Young has also failed to make a sufficient argument in his brief that requires this court to consider the merits of his ineffective assistance of counsel claim. Further, Young has not made a colorable claim of factual innocence. As a result,

we conclude that Young has failed to carry his burden to show manifest injustice excusing him from the time limitation in K.S.A. 60-1507(f). Thus, we determine that the trial court properly denied Young's K.S.A. 60-1507 motion as untimely.

### b. Whether Young's K.S.A. 60-1507 Motion was Successive

The trial court also summarily denied Young's K.S.A. 60-1507 motion as successive. Young challenges the denial on this basis as well.

A trial court is not required to entertain a second or successive K.S.A. 60-1507 motion for similar relief on behalf of the same movant. *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013) (citing K.S.A. 60-1507[c]). "A movant in a K.S.A. 60-1507 motion is presumed to have listed all grounds for relief, and a subsequent motion need not be considered in the absence of a showing of circumstances justifying the original failure to list a ground." *Trotter*, 296 Kan. 898, Syl. ¶ 2; see Supreme Court Rule 183(d) (2015 Kan. Ct. R. Annot. 272) (providing, "[a] sentencing court may not consider second or successive motion for relief by the same movant when: [1] the ground for relief was determined adversely to the movant on a prior motion; [2] the prior determination was on the merits; and [3] justice would not be served by reaching the merits on the subsequent motion").

Our Supreme Court has held that movants are also barred from bringing claims that they could have raised in earlier motions. See *Dunlap v. State*, 221 Kan. 268, 270, 559 P.2d 788 (1977). "Unless exceptional circumstances are shown the sentencing court may properly dismiss a second or successive motion . . . on the ground its use constitutes an abuse of remedy. [Citations omitted.]" *Dunlap*, 221 Kan. at 270. Exceptional circumstances means unusual events or changes in laws that prevented the movant from raising all available claims in an earlier K.S.A. 60-1507 motion. *Dunlap*, 221 Kan. at 270.

13

Young argues that "[h]e has not been given a day in court to prove his innocence and elaborate upon the constitutional defects leading to his conviction." This statement is flawed. Young was convicted after a 3-day jury trial. Further, Young appealed his convictions to this very court in *State v. Young*, No. 89,513, 2004 WL 90047 (Kan. App. 2004) (unpublished opinion). Then, Young moved to correct an illegal sentence which was denied in *State v. Young*, No. 94,222, 2006 WL 1902636 (Kan. App. 2006) (unpublished opinion). In that case, this court treated that motion as a K.S.A. 60-1507 motion. Later, in 2013, Young filed a successful motion to correct an illegal sentence, which resulted in the sentencing court awarding Young 206 days of jail credit.

In denying Young's first motion to correct an illegal sentence, the motion that this court treated as a K.S.A. 60-1507 motion, we stated:

"Young could have raised his claim of a defective complaint and errors in the instructions in his direct appeal, but he failed to do so. A proceeding under K.S.A. 60-1507 cannot be used as a substitution for a second appeal absent a showing that the trial error affected constitutional rights and showing of exceptional circumstances. Supreme Court Rule 183(c)(3) (2005 Kan. Ct. R. Annot. 228); see *Bruner v. State*, 277 Kan. 603, 607, 88 P.3d 214 (2004). Young fails to state any exceptional circumstances as to why he could not have raised his claim on direct appeal." *Young*, 2006 WL 1902636, at *1.

In his current appeal, Young makes a similar mistake. In his brief, Young fails to argue exceptional circumstances that excuse him from failing to bring his present claims during his direct appeal or in his earlier motion that this court treated as a K.S.A. 60-1507 motion. In fact, the only mention of "successive" in Young's brief comes when Young states: "[T]he State argued that Young's petition was successive, pointing to a prior petition filed in 2004, as well as asserting that some of Young's issues in the 2015 petition could have and should have been raised in 2004, or on direct appeal." Yet, after recognizing that the successiveness of the motion was an issue, Young does not address the problem.

14

An issue that an appellant fails to brief is deemed waived or abandoned by the appellant. *Superior Boiler Works, Inc. v. Kimball*, 292 Kan. 885, 889, 259 P.3d 676 (2011); see also *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016). Further, a point that is incidentally raised in a brief but not supported is also deemed abandoned. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 645, 294 P.3d 287 (2013); see also *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015).

Here, Young acknowledges that the successive nature of his motion was an issue, but he fails to argue the point in his brief. Thus, Young has abandoned that argument on appeal.

Affirmed.